UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GERALD L. BURNETT                                           CIVIL ACTION NO. 15-cv-1214

VERSUS                                                              JUDGE FOOTE

ARCCA, INC.                                                     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

**Introduction**

Gerald L. Burnett ("Plaintiff"), a local attorney, hired expert-witness firm ARCCA Incorporated and two of its experts ("Defendants") to testify on behalf of his clients in a state court products liability suit. Plaintiff's clients lost at trial. He then filed this action in state court against his former experts; he alleges that they are liable to him for their professional negligence and fraud and that he should be excused from paying them.

Defendants removed the case based on an assertion of diversity jurisdiction. Plaintiff filed a Motion to Remand (Doc. 7) on the grounds that (1) Defendants did not comply with the rule of unanimity and (2) Defendants did not meet their burden of showing that the amount in controversy exceeds $75,000. For the reasons that follow, the Motion to Remand will be denied.

**Rule of Unanimity**

A civil action brought in state court of which the federal district courts have original jurisdiction may, subject to some exceptions, be removed by the defendant or defendants.

28 U.S.C. § 1441(a).  When a civil action is removed solely under Section 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  Defendants removed this case based on this court's original jurisdiction over diversity actions, which triggered the requirement that all properly served defendants consent to or join in the removal.

The requirement of Section 1446(b)(2)(A) is a recent codification of the longstanding jurisprudential rule of unanimity recognized in cases such as Getty Oil Corp. v. Insurance Co. of N. America, 841 F.2d 1254, 1262 (5th Cir.1988) and Farias v. Bexar County Board of Trustees, 925 F.2d 866, 871 (5th Cir. 1991).  The Fifth Circuit does not require each defendant to sign the notice of removal, but "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do, that it has actually consented to such action."  Getty Oil, 841 F.2d at 1262 n.11. Failure to comply with the rule is a procedural defect in the removal that requires remand if it is properly raised in a motion to remand that is filed within 30 days after the filing of the notice of removal.  28 U.S.C. § 1447(c); Johnson v. Helmerich & Payne, Inc., 892 F.2d 422, 423 (5th Cir. 1990).  Plaintiff timely filed a motion to remand, so such a defect will require remand if it exists.

The state court petition named three defendants.  Those three defendants filed a notice of removal that begins: "NOW INTO COURT, through undersigned counsel, come ARCCA INCORPORATED ("ARCCA"), MICHAEL L. MARKUSEWSKI, AND DR. BRIAN J. BENDA, named defendants in the Petition for Damages in the cause of action referenced

Page 2 of  8

below, and appearing herein solely for the purpose of presenting this Notice of Removal of below-referenced cause to this Honorable Court under the provisions of 28 U.S.C. § 1441, et seq. and reserving all rights respectfully show as follows:". Defendants then set forth the facts on which they assert diversity jurisdiction. The notice of removal was signed by attorney Donald Armand, Jr., on behalf of his law firm. His signature block stated that they were: "ATTORNEYS FOR ARCCA INCORPORATED, MICHAEL L. MARKUSEWSKI, and BRIAN J. BENDA".

Plaintiff argues that Defendants have not satisfied the rule of unanimity because there is "no signed and executed Consent to Removal or document by any other name, evidencing consent or joinder by one and all of the Defendants" attached to the notice of removal. As noted above, the law does not require each defendant to individually sign the notice of removal. There need only be written indication from each defendant, which may be signed by a person with authority to act formally on its behalf. An attorney who represents a defendant fits within that description.

Almost every notice of removal filed in this court is consented to on behalf of the removing defendant(s) by counsel of record, and it is well accepted that a notice of removal signed by an attorney who represents each of multiple defendants satisfies the rule of unanimity. See, e.g., Stoltz v. River Oaks Mgmt., Inc., 2014 WL 5514155, *2 (S. D. Miss. 2014); Redus v. University of Incarnate Word, 61 F.Supp.3d 668, 674 (W.D. Tex. 2014); Norman v. Global Life and Accident Ins. Co., 2008 WL 8204385 (S. D. Tex. 2008); and Nixon v. Wheatley, 368 F.Supp. 2d 635, 639 (E. D. Tex. 2005). The three defendants in this

Page 3 of 8

case each timely joined the notice of removal when their authorized attorney signed it on their behalf, so the rule of unanimity was satisfied.[1]

**Amount in Controversy**

Plaintiff next argues that Defendants did not satisfy their burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendants may make this showing by: (1) demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) setting forth the facts in controversy—in the notice of removal or an affidavit—that support a finding of the requisite amount. Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

Plaintiff alleged in his petition that he represented the Allred family in a Bossier Parish products liability lawsuit stemming from the death of their child in a car accident. The Allreds alleged that the seatbelt system in their Honda Accord was defective and allowed their child to strike his head and receive a fatal injury. Plaintiff hired ARCCA to provide expert witnesses in the case, and Mr. Markusewski and Dr. Benda performed the work. The case went to trial. The jury returned a verdict for the defendant on the grounds that there was no defect in the seatbelt system.

---

[1] This is not a case, such as Killen v. Atl. Paper & Foil, LLC, 2007 WL 4299990 (W.D. La. 2007), where an attorney who represented one defendant attempted to voice the consent of a another defendant that he did not represent. Attorney Armand represents all three removing defendants in this case and was authorized to file the notice of removal on behalf of all three.

Plaintiff alleged in his petition that the defendant experts failed to provide services for which they were hired to perform. The original petition prayed for an unspecified amount of damages, plus a setoff as to any money Plaintiff might owe ARCCA, and a full refund of all money he had paid to ARCCA, plus attorney fees.

Defendants represent in their notice of removal that the expert services were performed pursuant to a written contract. Plaintiff paid some of the amounts billed under the contract but did not pay a principal balance of $148,673.14. ARCCA filed suit against Plaintiff in Pennsylvania to recover that balance, including contractually mandated interest, for a total of $176,254.35. Plaintiff filed this suit in the Bossier Parish state court several days later. He also filed, prior to removal, an amended petition in which he set forth more detail about how the experts allegedly used an incorrect measurement to form their discredited opinion. He accused Defendants of fraud and misrepresentation and sought related (unspecified) damages and attorney fees. He alleged in paragraph 35 of the amended petition that defendants "sought to obtain, achieve and benefit from billings for professional expert witness services and litigation support services in an amount of approximately $247,000 to which they are not entitled and which should be forfeited, set-aside and vacated in favor of Plaintiff, in addition to such other damages relief and recovery sought herein."

Plaintiff argues that Defendants did not satisfy their burden, but his own pleadings squarely put at issue $247,000 in billings (plus damages in tort and fraud, and attorney fees). Plaintiff essentially seeks a declaration that he does not owe Defendants any money under the expert services contract. The general rule that the amount in controversy, in an action for

declaratory or injunctive relief, is "the value of the right to be protected or the extent of the injury to be prevented." St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1252-53 (5th Cir. 1998). See also Hartford Insurance Group v. Lou-Con, Inc., 293 F.3d 908, 910 (5th Cir. 2002). When a party seeks declaratory relief such as the cancellation of a contract, the amount in controversy is measured by the judgment's value to the plaintiff. House v. AGCO Corp., 2005 WL 3440834, *1 (W.D. La. 2005); Ly v. IDC Constr., LLC, 2007 WL 141908, *2 (S.D. Miss. 2007).

Plaintiff seeks recovery of the funds he has already paid pursuant to the contract, plus a declaration that he does not have to pay any additional amounts under the contract, so the total amount of $247,000 at issue under the contract is considered in determining the amount in controversy. Plaintiff argues that $247,000 is a figure "created by ARCCA" and that he is under no obligation to pay it. That is his contention, and it is a judgment to that effect that he seeks from this court, which makes the figure relevant to the amount in controversy.

Plaintiff complains that Defendants "went outside the record" for facts to support their burden, but that is not prohibited. The law permits a removing defendant to set forth additional facts in the notice of removal or an affidavit in an effort to meet the removal burden. Parties routinely do this by referencing settlement demands, the amount of medical bills, a physician's recommendation for surgery, estimates of lost wages, and other facts that do not appear in the petition or elsewhere in the record. In any event, the reference to the Pennsylvania lawsuit merely added some background for the more important fact, which is

Plaintiff's demand that he be excused from any responsibility for payment of the $247,000 Defendants say he owes under the contract.

Plaintiff also invokes Louisiana Civil Code Art. 1953 regarding fraud and prays for an award of damages and attorney fees. Article 1953 states that fraud is a vice of consent. It does not by its own terms authorize an award of damages or attorney fees, but Article 1958 provides that the party against whom rescission of a contract is granted because of fraud is liable for damages and attorney fees. See Stutts v. Melton, 130 So. 3d 808, 814 (La. 2013); Foley & Lardner, LLP v. Aldar Investments, Inc., 491 F.Supp. 2d 595, 608 (M. D. La. 2007).

Defendants are faulted for making an incorrect measurement of the seatbelt system, which led to Plaintiff proceeding with what was likely an expensive jury trial of a wrongful death suit involving a child. The potential award of damages, if liability were proved under such facts, could be significant. As for attorney fees, the court may include an estimated reasonable award when assessing the amount in controversy in a case where statutory or contractual fees may be awarded. Coburn v. Int'l Paper Co., 2013 WL 4776481, *2 (W.D. La. 2013); Wright Family Investments v. Jordan Carriers, 212 WL 2457664 (W.D. La. 2012). The court does not take a position on whether Plaintiff would be entitled to fees in this case, but there is at least a demand for them supported by a citation to statutory authority that could provide for them, and Plaintiff presumably believes there is a good-faith basis for such a claim. A reasonable estimate of fees, when combined with a reasonable range of potential damages and the demand that Plaintiff be refunded or excused from paying a total of $274,000, is sufficient to satisfy Defendants' burden. Defendants have shown that it is

more likely than not that more than $75,000 is in controversy in this litigation. Accordingly, Plaintiffs' **Motion to Remand (Doc. 7)** is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of July, 2015.

Mark L. Hornsby
U.S. Magistrate Judge