UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GERALD L. BURNETT                :       CIVIL ACTION NUMBER 5:15-CV-1214

VERSUS                         :       JUDGE ELIZABETH FOOTE

ARCCA, INCORPORATED, ET AL     :       MAGISTRATE JUDGE MARK HORNSBY

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF ARCCA, INCORPORATED, MICHAEL L. MARKUSEWSKI AND DR. BRIAN J.BENDA

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY, BYRD & CROMWELL, L.L.P.
400 Texas Street, Suite 400 (71101)
Post Office Box 1786
Shreveport, Louisiana 71166-1786
Telephone:     (318) 221-1800
Facsimile :     (318) 226-0390
E-mail     :     darmand@padwbc.com
                  tcarter@padwbc.com

BY:    es/*Donald Armand, Jr.*
        DONALD ARMAND, JR. (#17444) TA
        TREY W. CARTER, (#35075)
ATTORNEYS FOR ARCCA, INCORPORATED,
MICHAEL L. MARKUSEWSI and
DR. BRIAN J. BENDA

# **TABLE OF CONTENTS**

INTRODUCTION ……………………………………………………………....1

I.   FACTUAL BACKGROUND ……………………………………………..…2

II.   FORUM SELECTION CLAUSE ENFORCEMENT UNDER FEDERAL LAW ………...4
     A.   Federal courts have historically held forum selection clauses to be presumptively valid and enforceable ………………………………………………...4
     B.   "Mandatory" forum selection clauses mandate enforcement …………………..,..5
     C.   The *Atlantic Marine* Case …………………………………………………5
     D.   Post-*Atlantic Marine* Jurisprudence …………………………………….8

III.   FEDERAL LAW MANDATES THE ENFORCEMENT OF THE ARCCA FORUM SELECTION CLAUSE ………………………………………………12
     A.   The ARRCA forum selection clause is valid and "mandatory" ………………12
     B.   Under Atlantic Marine, the forum selection clause must be enforced …………17

IV   DISMISSAL IS THE PROPER REMEDY ……………………………….......19

V.   CONCLUSION …………………………………………………………...20

CERTIFICATE OF SERVICE ……………………………………………….22

## <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>                                                                                                    <u>PAGE</u>

*1-Stop Financial Service Centers of America, LLC v. Astonish Results, LLC;*
2014 WL 279669, (W. D. Texas, 2014)                                                           10

*Aerus, LLC v. Pro Team, Inc.*, 2005 WL 1131093, *3, 7 (N.D.Tex. May 9, 2005)          14

*Antilles Cement Corp. v. Aalborg Portland A/S*, 526 F.Supp.2d 205, 206 (D.
Puerto Rico 2007)                                                                                      16

*Atlantic Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, U.S., 134 S.Ct. 568,
582, 187 L.Ed.2d 487 (2013)                                                                       2

*Bolizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 73 S.Ct. 900, 97 L.Ed. 1331, (1951)     19

*BP Marine Americas v. Geostar Shipping Co.*, 1995 WL 131056, *4 (E.D.La. 1995)       5

*Breakbulk Transp., Inc. v. M/V Renata, Her Equipment, Appurtenances, and
Freight, In Rem*, 2008 WL 1883790 (S.D.Tex. Apr. 25, 2008)                               14

*Caldas and Sons, Inc. v. Willingham*, 17 F.3d 123, (5ht Cir. 1994)                          5

*Calix-Chacon v. Global International Marine, Inc.*, 493 F.3d 507 (5th Cir. 2007)           5

*Carnival Cruise Lines v. Shute*, 499 U.S. 585, 589, 111 S.Ct. 1522, 113 L.Ed.2d 622
(1991) (quoting *M/S Bremen v. Zapata OffShore Co.*, 407 U.S. 1, 9-10, 92 S.Ct. 1907,
32 L.Ed.2d. 513 (1972)                                                                             4

*City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5 Cir. 2004)       5

*Cline v. Carnival Corporation*, 2014 WL 550738, (N.D. Texas, 2014)                         10

*Compass Bank v. Palmer*, 2014 WL 355986, (W. D. Texas 2014)                              11

*Dorsey v. Northern Life Ins. Co.*, 2004 WL 2496214, *3 (E.D.La. 2004)                       5

*Emrit v. Watts, Guerra, LLP*, 2014 WL 397-0172, (W. D. Texas, 2014)                       11

*First Nat. of N. Am., LLC v. Peavy*, 2002 WL 449582, *2 (N.D.Tex. Mar. 21, 2002)       15

*Ginter ex rel. Ballard v. Belcher Prendergrast & Laport*, 536 F.3d 439 (5th Cir. 2008)    4

*Greenville Elec. Utility Sys. v. N. Pac. Group, Inc.*, 2001 WL 804521, *1
(N.D.Tex. Jul. 6, 2001)    16

*Haynsworth v. TVC Corporation*, 121 F.3d. 956, 963 (5th Cir. 1997)    4

*Henry v. Covenant Transport Incorporated*, 2014 WL 2217336, (N.D. Texas, 2014)    11

*In re Fireman's Fund Ins. Co., Inc.*, 588 F.2d 93, 94 (5 Cir. 1979)    13

*In re Hall, Bayou Tree Associates, Ltd.*, 939 F.2d 802 (9 Cir. 1991)    19

*In Re Lloyd's Register North America, Incorporated*, 780 F.3d 283, (5th Cir. 2015)    6

*Interactive Music Tech., LLC v. Roland Corp.*, 2008 245142 (E.D.Tex. Jan. 29, 2008)    15

*International Software Systems, Inc. v. Amplicon, Inc.*, 77 F.3d 112 (5 Cir. 1996)    19

*Kevlin Serv., Inc. v. Lexington State Bank*, 46 F.3d 13 (5 Cir. 1995)    12

*Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d. 898, 901-02 (5th Cir. 2005)    4

*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 2, 92 S.Ct. 1907, 1909 (1972)    12

*McQuillan v. Norwegian Cruise Line*, 2014 WL 5305792, (E. D. Louisiana, 2014)    9

*Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, (5th Cir. 1997)    5

*Mosing v. Boston*, 2015 WL 3911798, (W.D. La., 2015)    9

*Ormet Primary Aluminum Corp. v. M/V FU AN Cheng*, 681 F.Supp.2d 737
(E.D.La. 2009)    13

*Pride International, Inc. v. Tesco Corporation* (US), 2014 WL 722129,
(S. D. Texas, 2014)    11

*Quality Custom Rail and Metal, LLC v. Travelers Casualty and Surety Company
of America*, 2014 WL 840046, (N.D. Texas, 2014)    11

*Red Barn Motors, Inc. v. Nextgear Capital, Inc.*, 2014 WL 4986674, (M D. La. 2014)   10

*Saye v. First Specialty Insurance Company,* 2014 WL 1386565, (N. D. Texas, 2014)   10

*Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22;108 S.Ct. 2239; 101 L.Ed.
2d 22 (1988)   4

*Taylor v. Titan Midwest Const. Corp.*, 474 F.Supp. 145, 146, 148 (N.D.Tex. 1979)   16

*Top Branch Tree Serv. & Landscaping v. Omni Pinnacle, LLC*, 2007 WL 1234976
(E.D.La. Apr. 26, 2007)   14

*Vloeibare Pret Limited v. Lloyd's Register North America, Inc.,* 2014 WL 3908195,
(S. D. Texas 2014)   11

*Wellogix v. SAP America Inc.*, 58 F.Supp.3d  766, (S. D. Texas, 2014)   10

| **RULES** | **PAGE** |
| --- | --- |

*Federal Rules of Civil Procedure* – Rule 12(b)(3) – Dismissal For "Improper" Venue   6
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GERALD L. BURNETT                    :        CIVIL ACTION NUMBER 5:15-CV-1214

VERSUS                               :        JUDGE ELIZABETH FOOTE

ARCCA, INCORPORATED, ET AL           :        MAGISTRATE JUDGE MARK HORNSBY

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF ARCCA, INCORPORATED, MICHAEL L. MARKUSEWSKI AND DR. BRIAN J. BENDA

MAY IT PLEASE THE COURT:

This suit arises from a dispute over the payment by plaintiff Gerald Burnett (Burnett) to defendants ARCCA, Markusewski and Benda for professional litigation and expert witness services rendered by defendants. ARCCA provided those services pursuant to a written contract between Burnett and ARRCA (hereinafter, "the ARRCA agreement"). That agreement contained a forum selection clause which provided that "any dispute, controversy or claim arising under or in connection with this Contract shall be decided exclusively by and in the Court of Common Pleas of Bucks County, Pennsylvania."

Burnett and ARRCA agreed, in advance, to an exclusive forum for the resolution of disputes arising under or connected to the Agreement. After he was sued by ARRCA in Pennsylvania, Burnett ignored his contractual obligation and in an attempt to forum shop, filed this suit.

1

Federal law, including the 2013 directive of the U.S. Supreme Court in *Atlantic Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.,* —— U.S. ——, 134 S.Ct. 568, 582, 187 L.Ed.2d 487 (2013),  mandates that the valid forum selection clause agreed upon by Burnett and ARRCA be enforced.  This suit must be dismissed, without prejudice to Burnett to litigate any and all claims arising from or related to the ARRCA agreement and related transactions in the Pennsylvania suit.

## I. <u>FACTUAL BACKGROUND</u>

Gerald L. Burnett retained ARCCA to provide engineering consulting services in a Louisiana lawsuit. Burnett and ARRCA entered into a written contractual agreement for those services.  ("the ARRCA agreement") **See Exhibit A**, Affidavit of Alan Cantor and Exhibit A-1 to that affidavit, a copy of the ARRCA agreement. (Bates nos. ARRCA 3 – 9)[1]

The ARRCA agreement includes certain "Terms and Conditions of Sale."  Said terms and conditions contain various provisions, including a forum selection clause entitled, in relevant part, "Exclusive Jurisdiction and Venue."  (ARRCA 0006) The forum selection clause provides as follows:

> The parties agree that any dispute, controversy or claim arising under or in connection with this contract shall be decided exclusively by and in the Court of Common Pleas of Bucks County, Pennsylvania. Each party hereby submits to the

---

[1] The two affidavits offered by ARRCA in support of this motion include relatively lengthy, multi-page exhibits, such as filings from the Pennsylvania suit referred to herein. For the convenience of the Court and the parties, Movants have Bates-stamped said affidavits – ARRCA 0001 – ARRCA 0170.

personal jurisdiction of the Court of Common Pleas of Bucks County, Pennsylvania, Each party waives any right to assert or move for transfer to any other court based upon the doctrine of forum non conveniens or otherwise.

Pursuant to the ARRCA agreement, ARCCA employees, including defendants Michael L. Markusewski and Dr. Brian J. Benda, provided extensive services, including, but not limited to multiple inspections, testing, reporting, testifying in multiple depositions and providing expert witness testimony at the trial. ARCCA billed Mr. Burnett a total of $227,409.14. ARCCA wrote off $2,853.51. Mr. Burnett paid a total of $76,330.16 leaving an unpaid balance of $146,673.98. (**Exhibit A**, ARRCA0002)

On January 7, 2015, after numerous failed attempts to collect the outstanding balance, ARCCA filed suit against Burnett in the Court of Common Pleas of County, Pennsylvania. (**Ex. A,** ARRCA0002;   **Ex. B**, ARRCA 0010, Affidavit of Steven H. Sailer, ARRCA counsel in Pennsylvania suit, and Pennsylvania suit Complaint by ARRCA, ARRCA 12-15)

On January 26, 2015, Burnett filed the instant suit in the 26th Judicial District Court, Bossier Parish, Louisiana. (Doc.1-2, Notice of Removal, Exhibit A – Burnett Petition, Rec. P. 8).

On March 31, 2015, Burnett filed Preliminary Objections to ARCCA's Complaint in the Pennsylvania suit, which included an objection to the venue.  (Ex. B, ARRCA 0010, and Burnett Objections, ARRCA0028-0030) However, in those Objections, Burnett acknowledged that he entered the ARRCA agreement, that the agreement included the forum selection clause, and that under controlling law, selection clauses "should be given controlling weight in all but the most

3

exceptional circumstances." (ARCCA 0028-0029)   ARCCA filed an Answer to Burnett's Preliminary Objections.   Both parties filed memoranda on the issues, including the venue objection. (Ex. B, ARRCA0010-11, ARRCA0043-0169).

On June 8, 2015, the Pennsylvania court overruled Burnett's Preliminary Objections, thereby rejecting his arguments concerning the Pennsylvania venue. (**Ex. B,** ARRCA0011, ARRCA0170). The Pennsylvania case is now proceeding to discovery and a trial setting. (Ex. B, ARRCA0011).

## II. FORUM SELECTION CLAUSE ENFORCEMENT UNDER FEDERAL LAW

### A.  Federal courts have historically held forum selection clauses to be  presumptively valid and enforceable.

In a diversity case such as this one, federal law governs the enforceability of forum selection clauses. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22;108 S.Ct. 2239; 101 L.Ed. 2d 22 (1988); *Ginter ex rel. Ballard v. Belcher Prendergrast & Laport*, 536 F.3d 439 (5th Cir. 2008).

Forum selection clauses have historically been considered as *prima facie* valid and have been enforced by federal courts, including the U.S. Supreme Court and the Fifth Circuit. *Carnival Cruise Lines v. Shute,* 499 U.S. 585, 589, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991) (quoting *M/S Bremen v. Zapata OffShore Co.,* 407 U.S. 1, 9–10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)); *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d. 898, 901-02 (5th Cir. 2005); *Haynsworth v. TVC Corporation*, 121 F.3d. 956, 963 (5th Cir. 1997). Federal courts have historically held that forum

selection clauses should be "given controlling weight in all but the most exceptional cases. A party who seeks to overcome the presumption of enforceability must carry the heavy burden of demonstrating the enforcement of that clause would be "unreasonable under the circumstances." *Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, (5th Cir. 1997); *Calix-Chacon v. Global International Marine, Inc.*, 493 F.3d 507 (5th Cir. 2007).

### B. "Mandatory" forum selection clauses mandate enforcement.

Federal courts have also historically recognized that certain forum selection clauses are "mandatory," i.e., they specify a particular forum **to the exclusion of all others.** *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004); *Caldas and Sons, Inc. v. Willingham,* 17 F.3d 123, (5th Cir. 1994); *BP Marine Americas v. Geostar Shipping Co.*, 1995 WL 131056, *4 (E.D.La. 1995).

If the clause: 1) limits venue to one specific forum, and 2) specifes that venue with obligatory language, such as use of the word "shall," the forum selection clause is considered "mandatory" and its enforcement is mandatory, not discretionary. *City of New Orleans v. Mun. Admin. Servs., Inc.*, supra; *Dorsey v. Northern Life Ins. Co.*, 2004 WL 2496214, *3 (E.D.La. 2004).

### C. The *Atlantic Marine* Case

In 2013, the U.S. Supreme Court decided *Atlantic Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.,* —— U.S. ——, 134 S.Ct. 568, 582, 187 L.Ed.2d 487 (2013). *Atlantic Marine*

5

is a landmark case supporting the validity of forum selection clauses and the importance of their enforcement. The Fifth Circuit recognized that the U.S. Supreme Court "has strengthened the enforcement of forum-selection clauses in *Atlantic Marine." In Re Lloyd's Register North America, Incorporated,* 780 F.3d 283 (5th Cir. 2015).

The first issue considered by the *Atlantic Marine* court was procedural – whether a motion to dismiss for improper venue under F.R.C.P. 12(b)(3) – dismissal for "improper" venue - is the correct procedural vehicle to use to enforce a forum selection clause.  The court held that Rule 12(b)(3) is not correctly employed to enforce forum selection clauses, because the parties' selection of a venue in a contract does not, in itself, render a venue "improper" under federal law. *Id.* at 579.  The Court held that, for forum selection clauses where a federal forum is selected in the contract, the forum selection clause "may be enforced through a motion to transfer under § 1404(a), which permits transfer to any other district where venue is proper or to any district to which the parties have agreed by contract or stipulation." *Id.* at 579.

The Court recognized, however, that Section 1404(a) governs transfer only within the federal court system. Therefore, the Court held that, "When a forum-selection clause points to a state or foreign forum, the clause may be enforced through the doctrine of *forum non conveniens." Id.* at 580.

The Court then turned to the issue of enforcement of the clause, and announced the following rules for enforcement of forum selection clauses:

6

- When parties have agreed to a valid forum-selection clause, a district court should ordinarily enforce the agreement. Only under extraordinary circumstances unrelated to the convenience of the parties should enforcement be denied.

- The forum selection clause represents the parties' agreement as to the most proper forum. The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." A valid forum-selection clause should be given controlling weight in all but the most exceptional cases.

- In the typical case **not involving a forum-selection clause,** a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations. The calculus changes, however, when the parties' contract contains a valid forum-selection clause, The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways.

  1) First, the plaintiff's choice of forum merits no weight. Plaintiffs' venue selections are ordinarily allowed to select whatever forum they consider most advantageous. But when a plaintiff agrees by contract to bring suit only in a specified forum—presumably in exchange for other binding promises by the defendant—the ***plaintiff has effectively exercised its "venue privilege" before a dispute arises. Only that initial choice deserves deference,*** and the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed.

  2) Second, the court may not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient. The court must deem the private-interest factors to weigh entirely in favor of the preselected forum. A court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases.

  3) Third, when a party bound by a forum-selection clause "flouts its contractual obligation and files suit in a different forum," a transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations. The court in the contractually selected venue should not apply the law of the transferor venue to which the parties waived their

7

right.  *Id.* at 581-583.

The *Atlantic Marine* court concluded this discussion by reiterating the presumptive

enforceability of FSCs, stating:

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. ***In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain.*** *Id.* at 583. (emphasis added)

The *Atlantic Marine* court held that the lower courts had erred in not properly applying these

principals to enforce the forum selection clause and reversed the judgment of the Fifth Circuit.

The Court found that evidence concerning the "public interest factors" was not apparent on the

record and remanded the case to the District Court to decide that question.  *Id.* at 584.

### D. Post -*Atlantic Marine* Jurisprudence

The Fifth Circuit applied the *Atlantic Marine* analysis in the case of *In Re Lloyd's*

*Register North America, Incorporated,* supra. In *In Re Lloyd's,* Pearl Seas sued LRNA in a

diversity action in the U.S. District Court for the Southern District of Texas. A contract between

Pearl Seas and LRNA contained two forum selection clauses that specified a foreign forum.  The

first provided that:

> "**Any** dispute about the Services or the Contract **is** subject to the **exclusive** jurisdiction of the English courts and will be governed by English law." (emphasis added)

The second provided that:

8

"**Any** dispute, claim, or litigation between any member of the LR Group and the Client arising from or in connection with the Services provided by LR **shall** be subject to the **exclusive** jurisdiction of the English courts and will be governed by English law." (emphasis added)

Following the guidelines of *Atlantic Marine* for cases involving a forum selection clause that specifies a non-federal forum, LRNA moved to dismiss the suit on the ground of *forum non conveniens*. The district court denied the motion to dismiss without written or oral explanation. LRNA petitioned the Fifth Circuit for a writ of mandamus to direct the district court to vacate its denial and dismiss for FNC.

Applying the *Atlantic Marine* analysis, the Fifth Circuit held that the district court erred in refusing to enforce a valid forum-selection clause. The Fifth Circuit granted the petition for mandamus, directing the district court to grant the motion to dismiss. *Id.* at 294.

District courts in the Fifth Circuit have followed the guidelines of *Atlantic Marine* in enforcing forum selection clauses, while recognizing that many of the principles of law applied in pre-*Atlantic* cases *(such as the required enforcement of "mandatory" clauses)* are still applicable.  See, for example –

*Mosing v. Boston,* 2015 WL 3911798 (W.D. La., 2015) -  Clause  provided that, " … any action brought by either party … in any court . . . hall be brought within the state of North Carolina . . ."  Magistrate Hanna recognized the clause as mandatory and enforced it, ordering transfer to a Federal District Court in North Carolina.

*McQuillan v. Norwegian Cruise Line,* 2014 WL 5305792, (E.D. La, 2014) – Clause provided that "… any and all claims, disputes for controversies…  shall be

9

commenced, filed and litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, Florida… to the exclusion of the courts of any other country, state, city or county where suit might otherwise be brought." Judge Africk, applying *Atlantic Marine* rationale, enforced the forum selection clause and transferred case to Florida.

***Red Barn Motors, Inc. v. Nextgear Capital, Inc.,*** 2014 WL 4986674 (M.D. La. 2014) – Language of forum selection clause not quoted in opinion, but court found language of clause clear and unambiguous. Applied *Atlantic Marine* analysis, motion to transfer granted.

***1-Stop Financial Service Centers of America, LLC v. Astonish Results,*** *LLC;* 2014 WL 279669 (W.D. Texas, 2014) – Clause provided that, "This agreement shall be governed by and construed in accordance with the laws of the state of Rhode Island… All actions and proceedings… shall be brought in any Rhode Island state or federal court…" Court found forum selection clause valid and ordered transfer.

***Cline v. Carnival Corporation,*** 2014 WL 550738 (N.D. Texas 2014) – Forum selection clause language virtually identical to *McQuillan*, supra, held valid and enforced.

***Wellogix v. SAP America Inc.,*** 58 F.Supp.3d 766 (S.D. Texas 2014) – Clause provided that, "The place of jurisdiction for all disputes arising between the parties out of or in connection with this agreement shall be Frankfurt, Germany." The court found that clause was mandatory. Applying the *Atlantic Marine* analysis, the court enforced the forum selection clause by the **granting of a summary judgment, dismissing the suit. This decision is significant because it deals with the remedy of dismissal and in a case where the forum selection clause specifies a non-federal forum.**

***Saye v. First Specialty Insurance Company,*** 2014 WL 1386565 (N.D. Texas 2014) – Clause provided that: "The parties irrevocably submit to the exclusive jurisdiction of the courts of the state of New York and to the extent permitted by law the parties expressly waive all rights to challenge or otherwise limit such jurisdiction." **Court held that the clause was mandatory. Applying** *Atlantic Marine* **analysis, Court dismissed plaintiffs' complaint, without prejudice to be refiled in New York.**

10

The same result was reached by the following federal district courts in the Fifth Circuit in cases decided after *Atlantic Marine*: *Henry v. Covenant Transport Incorporated*, 2014 WL 2217336 (N.D. Texas 2014); *Compass Bank v. Palmer*, 2014 WL 355986 (W.D. Texas 2014); *Quality Custom Rail and Metal, LLC v. Travelers Casualty and Surety Company of America*, 2014 WL 840046 (N.D. Texas 2014); *Vloeibare Pret Limited v. Lloyd's Register North America, Inc.*, 2014 WL 3908195 (S.D. Texas 2014); *Pride International, Inc. v. Tesco Corporation* (US), 2014 WL 722129 (S.D. Texas 2014); *Emrit v. Watts, Guerra, LLP*, 2014 WL 397-0172 (W.D. Texas 2014).

## III. <u>FEDERAL LAW MANDATES THE ENFORCEMENT OF THE ARRCA FORUM SELECTION CLAUSE</u>

### A. <u>The ARRCA forum selection clause is valid and "mandatory."</u>

ARRCA's forum selection clause is valid and mandatory.  The clause is entitled, in part, *"Exclusive Jurisdiction and Venue."* (emphasis added)

The clause provides as follows:

> The parties agree that **any** dispute, controversy or claim arising under or in connection with this Contract **shall** be decided **exclusively** by and in the Court of Common Pleas of Bucks County, Pennsylvania. Each party hereby submits to the personal jurisdiction of the Court of Common Pleas of Bucks County, Pennsylvania, Each party waives any right to assert or move for transfer to any other court based upon the doctrine of forum non conveniens or otherwise. (emphasis added)

Both the title of the clause and the clause itself use the word "exclusive" to limit venue to one specific forum – the Court of Common Pleas of Bucks County, Pennsylvania. The clause uses obligatory terms – "shall" and "any disputes." Thus, the clause is mandatory.

The Fifth Circuit District Courts in *Mosing*, *Wellogix* and *Saye* (discussed above at p.9-10), all decided post-*Atlantic Marine*, found substantially identical clauses to be mandatory.

The U.S. Supreme Court, The Fifth Circuit and/or district courts within the Circuit have historically held substantially similar language to be mandatory and enforced forum selection clauses, in the following cases (relevant contract language is emphasized):

- *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 2, 92 S.Ct. 1907, 1909 (1972):

  Clause language:
  "[a]ny dispute arising ***must be*** treated before the London Court of Justice"

  Holding:
  FSC enforced. The Court held that the forum selection clause was "mandatory and all-encompassing". 407 U.S. 10.[2]

- *Kevlin Serv., Inc. v. Lexington State Bank*, 46 F.3d 13 (5 Cir. 1995):

  Clause language:
  "This contract shall be interpreted and construed in accordance with the laws of the State of Texas. The legal venue of this contract and ***any disputes*** arising from it ***shall*** be settled in Dallas County, Texas."

  Holding:

---

[2] The Court described the action of the plaintiff in filing suit in the U.S. as "ignoring its contract promise" to litigate in England. *M/S Bremmen* 407 U.S. 3.

FSC enforced by The Fifth Circuit, with the finding "that the only reasonable interpretation is that . . . proper venue lies in Dallas County, Texas". *Id.* at 15.

- *In re Fireman's Fund Ins. Co., Inc.*, 588 F.2d 93, 94 (5 Cir. 1979).

  Clause language:
  If the Sub-contractor shall institute any suit or action for the enforcement of any of the obligations under this agreement, the venue of such suit or action ***shall*** be laid in the County of Essex and State of New Jersey.

  Holding:
  FSC enforced by The Fifth Circuit.

- *Ormet Primary Aluminum Corp. v. M/V FU AN Cheng*, 681 F.Supp.2d 737 (E.D.La. 2009):

  Clause language:
  ***All*** disputes arising under and in connection with this Bill of Lading ***shall*** be settled in the flag-state of the ship, or otherwise in the place mutually agreed between the Carrier and Merchant.

  Holding:
  **Judge Feldman enforced the FSC, stating:**

  > "The forum selection clause in this case uses 'shall' not only to confer jurisdiction, but by the disjunctive statement, it limits the forum in which parties may settle their disputes: either in the flag-state of the ship or in the place agreed upon by the carrier and merchant-no other option remains. The statement does not merely manifest consent to the jurisdiction of a state, but mandates the flag-state or the agreed upon state as the place disputes will be resolved." *Id.* at 739.

13

- *Breakbulk Transp., Inc. v. M/V Renata, Her Equipment, Appurtenances, and Freight, In Rem*, 2008 WL 1883790 (S.D.Tex. Apr. 25, 2008):

  Clause language:
  ***Any*** dispute arising under this Bill of Lading ***shall*** be decided in the country where the carrier has his principal place of business, and the law of such country shall apply except as provided elsewhere herein.
  * * *
  Any lawsuit arising under the Bill of Lading ***shall*** be filed in Hamburg, Germany…

  Holding:
  FSC enforced – Defendants' Motion to Dismiss granted. The Court held that, "The mandatory language of the clauses therefore forecloses any right to file or maintain a lawsuit in any forum other than Hamburg, Germany". *Id.* at 2.

- *Top Branch Tree Serv. & Landscaping v. Omni Pinnacle, LLC*, 2007 WL 1234976 (E.D.La. Apr. 26, 2007):

  Clause language:
  The 22nd Judicial District Court for the Parish of St. Tammany ***shall be the court*** of original jurisdiction of any litigation originated under this contract.

  Holding:
  FSC enforced – Defendants' Motion to Dismiss granted. Judge Barbier held that "The natural reading of …(the forum selection clause) is that the parties accepted the 22nd Judicial District court as the exclusive forum for litigation arising from the contract." (explanation added) *Id.* at 3.

- *Aerus, LLC v. Pro Team, Inc.*, 2005 WL 1131093, *3, 7 (N.D.Tex. May 9, 2005):

  Clause language:

14

In the event either Party asserts a breach of default by the other under the terms of this Agreement, the jurisdiction, venue and applicable law ***shall be*** [the] City of San Diego, California…

<u>Holding:</u>
FSC enforced – Defendants' Motion to Transfer granted, with the Court stating "The specific venue requirement makes this forum selection clause mandatory and pursuant to it, a lawsuit must be brought in state or federal court in San Diego, California." *Id.* at 7.

- *Interactive Music Tech., LLC v. Roland Corp.*, 2008 245142 (E.D.Tex. Jan. 29, 2008):

  <u>Clause language:</u>
  [V]enue over ***any dispute*** arising out of this Agreement ***shall lie in*** the state or federal courts sitting in Los Angeles or Orange County, California.

  <u>Holding:</u>
  FSC enforced – Defendants' Motion to Transfer granted. The Court stated "…as the Fifth Circuit and District Courts within the Circuit have consistently found that specified venue in conjunction with obligatory language (such as the term "shall") in a forum selection clause mandates venue wherever specified." *Id.* at 4.

- *Dorsey v. Northern Life Ins. Co.*, 2004 WL 2946214, *4 (E.D.La. Nov. 5, 2004):

  <u>Clause language:</u>
  "This Agreement is governed by the laws of the State of Washington.   In the event of a lawsuit arising out of this Agreement, the Executive General Agent agrees that venue ***shall be laid*** in King County, Washington."

  <u>Holding:</u>
  FSC enforced. The Court distinguished *Caldas* and held that, "The Court finds that the forum selection clause is unambiguous with respect to exclusivity and it is, therefore, mandatory." *Id.* at 4.

- *First Nat. of N. Am., LLC v. Peavy*, 2002 WL 449582, *2 (N.D.Tex. Mar. 21, 2002):

15

Clause language:
"All claims ***shall be litigated*** only in Collin County, Texas".

Holding:
FSC enforced – Defendants' Motion to Dismiss granted, with the Court stating, "Clearly, the language of this clause is mandatory." *Id.* at 2.

- *Greenville Elec. Utility Sys. v. N. Pac. Group, Inc.*, 2001 WL 804521, *1 (N.D.Tex. Jul. 6, 2001):

    Clause language:
    "Venue for any litigation arising from this contract ***shall lie*** in Greenville, Hunt County, Texas".

    Holding:
    FSC enforced, with the Court noting, "It is clear that the parties intended that any litigation arising from the contract be prosecuted in the City of Greenville." *Id.* at 2.

- *Taylor v. Titan Midwest Const. Corp.*, 474 F.Supp. 145, 146, 148 (N.D.Tex. 1979):

    Clause language:
    "If any controversy or claim arises out of or relates to this Subcontract or any alleged breach thereof jurisdiction and venue ***shall be*** in the appropriate court…sitting in the County in which the principal offices of Contractor are located".

    Holding:
    FSC enforced. The Court held that the language of the FSC was mandatory, "The contracts provide that venue Shall be Laid in the county where Titan has its principal offices; the language reveals an intention to designate that county as the only place where suits on the contracts may be brought." *Id.* at 148.

- *Antilles Cement Corp. v. Aalborg Portland A/S,* 526 F.Supp.2d 205, 206 (D. Puerto Rico 2007):

16

Clause language:
Any conflicts arising out of in connection with [the] Contract …
which shall not be settled amicably, ***shall be finally settled by*** the
courts of England. *Id.* at p.208.

Holding:
FSC enforced – Defendants' Motion to Dismiss granted, with the
Court stating, "…the clause is clearly written in mandatory terms."
*Id.* at 208.

Under the rationales of all of these cases, and settled federal law, the ARRCA forum

selection clause is valid and mandatory.

**B. Under Atlantic Marine, the forum selection clause must be enforced.**

As discussed above, *Atlantic Marine* held that, where the parties have agreed to a valid

forum selection clause and one party has flouted its contractual obligation by filing suit in a

different forum, the court should ordinarily enforce the forum selection clause, absent

"extraordinary circumstances" or "exceptional factors." *Atlantic Marine* at 581. In ruling on

motions seeking to enforce FSCs, courts must assume that the private interest factors weigh

entirely in favor of the preselected forum - in this case, Pennsylvania. *Atlantic Marine* at 582; *In

Re Lloyd's Register North America, Incorporated,* at 293. The court may consider arguments

about public-interest factors only.  Because those factors will rarely defeat a transfer motion, the

practical result is that forum-selection clauses should control except in unusual cases. *Atlantic

Marine,* supra; *In Re Lloyd's Register North America, Incorporated,* at 294. The public interest

factors that may be considered are:  1) whether there are administrative difficulties flowing from

17

court congestion in the preselected forum (here Pennsylvania), 2) whether there is any "local interest in having localized controversies decided at home;" and 3) whether there is an interest in having the trial of a diversity case in a forum that is "at home with the law." Familiarity of the forum with the governing law should only be considered a public-interest factor weighing against transfer if the governing law is "exceptionally arcane." *Atlantic Marine,* at 584; *Mosing v. Boston*, supra, at 10.

Burnett bears "the heavy burden" of showing that the public interest factors 'overwhelmingly disfavor a transfer.'" *Atlantic Marine,* at 583-584; *Mosing v. Boston*, supra, at 10. Based on the record now before the Court, it is apparent that Burnett will not be able to discharge that burden.

First, there are clearly no "administrative difficulties flowing from court congestion" in the Pennsylvania suit. ARRCA filed suit in Pennsylvania first and there is clearly no "congestion" in that case. All parties have made appearances, initial motion practice has been completed and the Pennsylvania court has confirmed its exercise of venue and jurisdiction and the case is ready to proceed with discovery and a trial setting. (Exhibit B, Sailer Affidavit)

Second, it is clear that this is not a case involving any "local interest" in Louisiana to have this controversy decided in Louisiana. Rather, it is a commercial dispute between an attorney and professional engineers, who reside in different states and agreed, in an arms-length, negotiated transaction, to resolve litigated disputes in Pennsylvania.

Finally, there cannot be any showing that the case involves any arcane issues of local Louisiana law. In fact, the ARRCA contract includes an agreement that the governing law for any dispute between the parties is Pennsylvania law. Obviously, the Pennsylvania court is well able to apply Pennsylvania law. (Exhibit A-1, ARRCA Agreement).

Burnett cannot prove that any public interest factors overwhelmingly disfavor a transfer.

## IV. DISMISSAL IS THE PROPER REMEDY

Prior to the decision in *Atlantic Marine*, federal courts consistently held that, where transfer of an action under 28 U.S.C.A. Section 1406 was not possible (because the selected forum was a state or foreign court), the appropriate remedy is dismissal. *Bolizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 73 S.Ct. 900, 97 L.Ed. 1331 (1951); *International Software Systems, Inc. v. Amplicon, Inc.*, 77 F.3d 112 (5 Cir. 1996); *In re Hall, Bayou Tree Associates, Ltd.*, 939 F.2d 802 (9 Cir. 1991).

The *Atlantic Marine* court specifically declined to consider whether a defendant could obtain dismissal ***under Rule 12(b)(6)*** if the plaintiff files suit in a district other than the one specified in a forum-selection clause. *Id.* at 580.   However, in a footnote, the Court suggested that a motion to dismiss for *forum non-conveniens* is the appropriate procedural vehicle for enforcement of FSCs in such cases, thereby confirming that dismissal is the appropriate remedy:

> For the reasons detailed above, see Part II–B, *supra,* the same standards should apply to motions to dismiss for *forum non conveniens* in cases involving valid forum-selection clauses pointing to state or foreign forums. … caution (in forum non-conveniens cases, over the availability of a viable forum for plaintiffs) is not

warranted, however, when the plaintiff has violated a contractual obligation by filing suit in a forum other than the one specified in a valid forum-selection clause. In such a case, dismissal would work no injustice on the plaintiff. *Id.* at Fn. 8

Since *Atlantic Marine*, the Fifth Circuit and District courts in the Fifth Circuit have granted dismissals to enforce forum-selection clauses that designate state or foreign forums. *In Re Lloyd's Register North America, Incorporated,* supra (Fifth Circuit granted petition for mandamus, directing District court to vacate prior denial of motion to dismiss and to dismiss suit to enforce FSC); *Vloeibare Pret Limited v. Lloyd's Register North America, Inc.,* supra; *Pride International, Inc. v. Tesco Corporation* (US), supra; *Emrit v. Watts, Guerra, LLP,* supra.

Here, the parties agreed on Pennsylvania state court as the appropriate forum. Therefore, transfer is not possible – dismissal is the appropriate remedy. Burnett's rights will not be adversely affected. Indeed, in this case, unlike many of the cases cited above, where dismissals occurred before any suit had been filed in the selected forum, there is already a suit pending in the selected forum – the Pennsylvania suit discussed above. This suit can be dismissed without prejudice to the rights of Burnett to assert any claims or rights related the agreement and related matters in that Pennsylvania suit.

## V. <u>CONCLUSION</u>

In the ARRCA contract, Burnett agreed to litigate disputes in Pennsylvania in exchange for binding promises for services by the defendants. After he was sued by ARRCA in Pennsylvania for his failure to pay for the contracted services, Burnett ignored his contractual

obligation and, in an attempt to forum shop, filed this suit.

The forum selection clause in the ARRCA agreement is valid and mandatory, bargained for by the parties, including Burnett, a sophisticated attorney who has admitted, in pleadings, full familiarity with the applicable law concerning forum selection clauses. In that agreement, Burnett exercised his "venue privilege." Only that initial choice deserves deference. All private-interest factors weigh entirely in favor of the preselected forum. No public interest factors exist capable of defeating the enforcement of the agreement. The agreement protects the legitimate expectations of the parties and furthers vital interests of the justice system. In the words of the *Atlantic Marine* court, ***"The interest of justice" is served by holding parties to their bargain.***

All applicable law mandates that the valid forum selection clause be enforced. This suit should be dismissed, without prejudice to Burnett to litigate any and all claims arising from or related to the ARRCA agreement and related transactions in the Pennsylvania suit.

(Signature on Next Page)

Respectfully submitted,

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY, BYRD & CROMWELL, L.L.P.
400 Texas Street, Suite 400 (71101)
Post Office Box 1786
Shreveport, Louisiana 71166-1786
Telephone:     (318) 221-1800
Facsimile :    (318) 226-0390
E-mail     :   darmand@padwbc.com
               tcarter@padwbc.com


BY:  __es/*Donald Armand, Jr.*_____
         DONALD ARMAND, JR. (#17444) TA
         TREY W. CARTER, (#35075)
ATTORNEYS FOR ARCCA, INCORPORATED,
MICHAEL L. MARKUSEWSI and DR. BRIAN J.
BENDA

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GERALD L. BURNETT                :        CIVIL ACTION NUMBER 5:15-CV-1214

VERSUS                           :        JUDGE ELIZABETH FOOTE

ARCCA, INCORPORATED, ET AL       :        MAGISTRATE JUDGE MARK HORNSBY

## CERTIFICATE OF SERVICE

I hereby certify that on July _____, 2015, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY, BYRD & CROMWELL, L.L.P.
400 Texas Street, Suite 400 (71101)
Post Office Box 1786
Shreveport, Louisiana 71166-1786
Telephone:    (318) 221-1800
Facsimile :   (318) 226-0390
E-mail    :   darmand@padwbc.com
              tcarter@padwbc.com

BY: ___es/*Donald Armand, Jr.*_____
        DONALD ARMAND, JR. (#17444) TA
        TREY W. CARTER, (#35075)
        ATTORNEYS FOR ARCCA, INCORPORATED,
        MICHAEL L. MARKUSEWSI and DR. BRIAN J.
        BENDA

23