UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

GERALD L. BURNETT                           CIVIL ACTION NO. 5:15-CV-1214

VERSUS
                                            JUDGE ELIZABETH FOOTE

ARCCA INCORPORATED
MICHAEL L. MARKUSHEWSKI
AND DR. BRIAN J. BENDA          MAGISTRATE JUDGE MARK L.  HORNSBY
****************************************************************************

### PLAINTIFF-BURNETT'S RULE 12[F] MOTION TO STRIKE DEFENDANTS' RULE 12[b][3] MOTION TO DISMISS FOR IMPROPER VENUE

MAY IT PLEASE THE COURT:

NOW INTO COURT, through undersigned counsel comes the Plaintiff-Burnett, who with

respect does file this Rule 12[f] Motion to Strike Defendants' Rule 12[b][3] Motion to Dismiss for

Improper Venue,  as being the appropriate and  proper remedy, for and upon the following grounds,

to-wit:

I.
### STATEMENT OF THE RELEVANT PROCEEDURAL FACTS

Defendants' Motion to Dismiss for Improper Venue [Doc. 17] was filed on 17 July 2015.

In their Motion to Dismiss for Improper Venue, Defendants state,

"1.

> This suit arises from a dispute over the payment by plaintiff Gerald
> Burnett [Burnett] to defendants ARCCA, Markusewski and Benda
> for  professional  engineering  services  rendered  by  defendants."
> [Doc. 17 Motion to Dismiss @ pg. 1].

Defendants then reference what they call the "ARCCA Agreement" [Doc 17 @pg. 2,       ¶

2] and rely upon its purported Forum Selection Clause [Doc.17 @ pg. 2, ¶ 3] for support of its

Rule 12[b][3] Motion to Dismiss for Improper Venue.   Defendants'  Rule 12[b][3] Motion to

1

Dismiss for Improper Venue, further seeks to reference and incorporate therein,  a pending Pennsylvania lawsuit and seeks to  attach purportedly a copy of the entire record thereof as Exhibit "A",  to  an Affidavit by Mr. Sailer and as Exhibit "B" the Agreement by Mr. Cantor.   Defendants filed its Memorandum In Support of its Rule 12[b][3] Motion to Dismiss, and one-hundred seventy [170] pages of non-certified attachments, which basically purport to be the entire  suit record in Pennsylvania along with two [2] affidavits, all of which should  be stricken.

It is to Defendants'  Rule 12[b][3] Motion and its attachments, that Plaintiff-Burnett's Rule 12[f] Motion to Strike  is addressed,  and  which should be granted for the reasons set forth herein below.

## II.
## RULE 12[f] MOTION TO STRIKE IS APPROPRIATE AND PROPER

### 1.

It is to Defendants Rule 12[b][3] Motion to Dismiss for Improper Venue, and  including attachments thereto, [affidavits and  pleadings] and based upon the applicable law, that Plaintiff-Burnett does present for consideration by this Honorable Court, his Rule 12[f] Motion to Strike. Rule 12[f] provides,

> "[f] MOTION TO STRIKE.  The court may strike from a pleading
> an insufficient defense or any redundant, immaterial, impertinent, or
> scandalous matter.  The court may act:
> [1] on its own; or
> [2] on motion made by a party either before responding to the
> pleading or, if a response is not allowed, within 21 days after being
> served with the pleading."  Rule 12[f]

The Court's Notice of Motion Setting [Doc. 20] was entered 23 July 2015 and provided in part that 'Responses to said motion are due twenty-one [21] days after service of the motion in accordance with LR 7.5'.

2.

The Defendants characterize the suit as follows, to-wit:

> "1.
> This suit arises from a dispute over the payment by plaintiff Gerald
> Burnett [Burnett] to defendants ARCCA, Markusewski and Benda
> for professional engineering services rendered by defendants."
> [Doc. 17 Motion to Dismiss @ pg. 1].

Plaintiff-Burnett shows that a careful reading of this quoted paragraph shows that it is

referencing the instant proceeding and not any Pennsylvania proceeding.  Plaintiff-Burnett further

shows that this characterization and treatment by Defendants is simply wrong, as will be

demonstrated hereinafter, and for which the Defendants Rule 12[b][3] Motion to Dismiss for

improper venue, including any and all  reference to the Pennsylvania proceeding and attachments

therefrom and affidavits related thereto, should be stricken per Rule 12[f] as constituting an

'insufficient defense' per  the direct holding of Atlantic Marine Construction.

Additionally, nowhere in the Defendants' Motion to Dismiss [Doc. 17] or their

Memorandum In Support [Doc. 17-1] or Exhibits "A" or "B" or the affidavits and exhibits annexed

thereto, [and which total 204 pages], do Defendants ever even mention the instant legal proceeding,

relying solely upon their Pennsylvania lawsuit and the retainer agreement of          10 April 2010

therein, to their detriment, and which should be stricken per Rule 12[f].

3.

More specifically Defendants  entire Rule 12[b][3] Motion to Dismiss for 'improper

venue',  is based upon a purported forum selection clause in the Pennsylvania  retainer Agreement,

which is not here relevant in the instant case for consideration of this Rule 12[f] Motion to Strike

As will be shown by the pleadings herein, and including the notice of  removal [Doc. 1], the instant

suit is not  based  upon the purported ARCCA retainer Agreement nor upon  what Defendants

characterize as "a dispute over payment' [Defendants' Rule 12[b][3] Motion to Dismiss  [  Doc. 17  @ pg. 1 ].

Rather, the instant case as brought by Plaintiff-Burnett  is based upon the original Petition and First Amended Petition filed in the 26th JDC, Bossier Parish, Louisiana by Plaintiff-Burnett, which suit was removed via the filing of the Defendants' Notice of Removal [Doc. 1] to this Honorable court.

In it, Plaintiff-Burnett's asserted cause of action for professional malpractice under LSA-CC Art. 2315 and civil law fraud under LSA-CC art. 1953, which claims are not included within the ARCCA retainer Agreement and which are separate therefrom.   While it is clearly distinguishable from other cases relied upon by Defendants,  for purposes of the Rule 12[f] Motion to Strike, it is simply not necessary to address same in connection therewith based upon the application of Atlantic Marine Construction Co. vs. United States District Court For The Western District of Texas, # 12-929, 571 U.S. 736 (2013, 701 F. 3d 1030 (hereinafter referenced as "Atlantic Marine")  to this case and its holdings therein, including that a Rule 12[b][3] Motion to Dismiss for improper venue is improper nor may a Forum Selection Clause  [hereinafter  referred to as "FSC"]  be asserted in same and thus is not here applicable in the instant case.

4.

A unanimous Supreme Court speaking through Justice Alito, held that:

> "We reject Petitioner's argument that such a clause [forum selection clause sic.] may be enforced by a motion to dismiss under 28 U.S.C.§1406[a] or Rule 12[b][3] of the Federal Rules of Civil Procedure.." IBID. @ pg.  Atlantic Marine Construction Co., Inc. 701 F.3d 730, ___; Syllabus & Opinion @ pg 1, 571 U.S. (2013) .

Accordingly this  clear language requires that the Defendants Rule 12[b][3] Motion to Dismiss for Improper Venue must be stricken as an insufficient defense and contrary to the

Supreme Court's holding in Atlantic Marine Construction Co. in that such enforcement by Defendants is exactly what they procedurally have sought with their Rule 12[b][3] Motion to Dismiss.

5.

The United States Court of Appeals-Fifth Circuit and the Louisiana Supreme Court as the announced public policy in Louisiana [and federal removal suits based thereon]  in the seminal case of   Marrogi v. Howard, 805 So.2d 1118 (La.S.Ct., 2002), under which professional malpractice under La. CC Art. 2315 and Louisiana civil law fraud under La. CC Art. 1953 and under which and in reliance on, Plaintiff-Burnett commenced the instant court proceeding.

6.

Plaintiff-Burnett  does expressly reserve his right to respond as may be appropriate to the Defendants' Motion to Dismiss [Doc. 17] once the instant Rule 12[f] Motion to Strike has been decided.

7.

Plaintiff-Burnett does attach hereto and incorporate herein by reference, his Memorandum in Support of Rule 12[f] Motion to Strike.

WHEREFORE, PLAINTIFF-BURNETT moves this Honorable Court after all due delays and consideration   to grant his Rule 12[f] Motion to Strike on the basis above set forth and in the Memorandum of Authorities in Support thereof, and for such other, further and additional relief to which he is or may be entitled.

5

Respectfully submitted,

SIMMONS, MORRIS & CARROLL, L.L.C.

*s/B. Trey Morris*

By: _____

     B. Trey Morris, APLC (#28162) – TA
     509 Milam Street
     Shreveport, LA 71101
     (318) 221-1507 –Telephone
     (318) 221-4560 –Fax
     *btmorris@shreveportlaw.net* –Email

     Attorney for Plaintiff-BURNETT

STATE OF LOUISIANA
PARISH OF CADDO

## AFFIDAVIT OF VERIFICATION AND CORRECTNESS

BEFORE ME, the undersigned Notary Public, duly sworn and to me well known, came and appeared Gerald L. Burnett, a person of full age and majority, who did depose and state that he is the Plaintiff in the above styled and captioned matter, that he has read and reviewed this pleading and, that the contents hereof are true and correct to the best of his information, knowledge and belief.

GERALD L. BURNETT

Thus done and signed before me, Notary Public, on this the 5 day of August 2015.

Notary Public: Justin Dewett

Notary Number: 33098

Seal:

7

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to All Counsel of Record.

s/B. Trey Morris
_____
B. Trey Morris