UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

GERALD L. BURNETT           CIVIL ACTION NO. 5:15-CV-1214

VERSUS

                              JUDGE ELIZABETH FOOTE

ARCCA INCORPORATED
MICHAEL L. MARKUSHEWSKI
AND DR. BRIAN J. BENDA         MAGISTRATE JUDGE MARK L. HORNSBY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF-BURNETT'S MEMORANDUM IN SUPPORT OF HIS
RULE 12[F] MOTION TO STRIKE
DEFENDANTS' RULE 12[b][3]
MOTION TO DISMISS FOR IMPROPER VENUE**

SIMMONS, MORRIS & CARROLL, L.L.C.

By:    *s/B. Trey Morris*
       B. Trey Morris, APLC (#28162) – TA
       509 Milam Street
       Shreveport, LA 71101
       (318) 221-1507 –Telephone
       (318) 221-4560 –Fax
       *btmorris@shreveportlaw.net* –Email

       Attorney for Plaintiff-BURNETT

# TABLE OF CONTENTS

|  | Page |
|---|---|
| PLAINTIFF'S RULE 12[F] MOTION TO STRIKE DEFENDANTS' RULE 12[B][3] MOTION TO DISMISS FOR IMPROPER VENUE | 1 |
| I. STATEMENT OF THE RELEVANT PROCEEDURAL FACTS | 1 |
| II. RULE 12[f] MOTION TO STRIKE IS APPROPRIATE AND PROPER | 2 |
| AFFIDAVIT OF VERIFICATION AND CORRECTNESS | 7 |
| CERTIFICATE OF SERVICE | 8 |
| PLAINTIFF-BURNETT'S MEMORANDUM IN SUPPORT OF HIS RULE 12[f] MOTION TO STRIKE DEFENDANTS' RULE 12 [b][3] MOTION TO DISMISS FOR IMPROPER VENUE | 13 |
| 1. Statement of the Case | 13 |
| 2. Issue | 13 |
| 3. Plaintiff-Burnett's Response | 14 |
| 4. Plaintiff-Burnett's Argument | 14 |
|     The Instant Case is Neither A Retainer Contract Dispute Over Payments Nor a FSC Case | 18 |
|     Maroggi is Controlling Authority | 21 |
| 5. Conclusion | 24 |
| AFFIDAVIT OF VERIFICATION AND CORRECTNESS | 25 |
| CERTIFICATE OF SERVICE | |
| | 26 |

## TABLE OF AUTHORITIES

Page

Atlantic Marine Construction Co., Inc. v. United States District Court  4,14,16-17
    for the Western District of Texas, #12-929, 701 F.3d 730,
    571 U.S. ____ [2013], on Certiorari from the U.S. Court of Appeals
    for the Fifth Circuit, the U.S. Supreme Court

Bell Atl. Corp. v. Twombly,  18
    550 U.S. 44, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)

Ashcroft vs. Iqbal,  18
    556 U.S. 62, 678, 129 S.Ct. 1937, 1949 173 L.Ed.2d 868 (2009)
    (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955)

Bustos v. Martini Club Inc., 599 F.3d 458, 461 (5th Cir. 2010)  18

Haynsworth vs. The Corporation, 121 F.3d 956, [5th Cir., 1997].  14

Louisiana Crawfish Producers Assoc. et al vs. Amerada Hess Corporation et al,  17
    919 F.Supp. 2d 756 [2013],

Marrogi v. Howard, 805 So.2d 1118 (La.S.Ct., 2002)  5,21

Marrogi [Marrogi vs. Howard, 248 F.3d 382 [5th Cir, 2001]  22

Marrogi vs. Howard, 794 So.2d 778 [La. 2001] and ruled in 805 So.2d 1118 [2002]  21

Marrogi vs. Howard, #00-30786.  21

Marrogi vs.Howard, #2001-CQ-1106, 895 So.2d 1118 [La. 2001]  19

Mitsui & Co. [USA] Inc. vs. Mira M/V, 111 F.3d 33, 35 [5th Cir. 1997],  14

Wilson v. Birnberg, 667 F.3d 591, 595 95th Cir.2012) cert. denied, ____  17
U.S. ____, 133 S.Ct. 32, 183 L.ED.2d 678 (2012)
(citing Fin. Acquisition Partners LP v. Blackwell, 440 F.3d 278, 286 (5th Cir. 2006))


| | |
|---|---|
| 28 U.S.C. §1391 | 16 |
| 28 U.S.C. §1391[a][1] | 17 |
| 28 U.S.C. §1391[b] | 15,17 |
| 28 U.S.C. §1391[b][2] | 16 |
| 28 U.S.C. §1391[b][3] | 15 |
| 28 U.S.C.§1404 | 16 |
| 28 U.S.C.§1404[a] | 15 |
| 28 U.S.C.§1406 | 16 |
| 28 U.S.C.§1406[a] | 4,14-17 |
| 28 U.S.C.§1406[c] | 17 |
| 28 U.S.C. §1631 | 16 |
| Rule 12[b][3] | 1-5,13, 15-17, 23 |
| Rule 12[b][6] | 17 |
| Rule 12[f] | 1-5,13-14,17,23-24 |
| FED.R.CIV.P 12[b][1]. 12[b][3] or 12[b][6] or 28 U.S.C. §1406[a] LR 7.5'. | 14 |
| LSA-CC Art. 1953 | 4-5,13,18, 21,23-24 |
| LSA-CC Art. 2315 | 4-5,13,18, 21,23-24 |
| La. CE Art. 702 | 18,20 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

GERALD L. BURNETT                       CIVIL ACTION NO. 5:15-CV-1214

VERSUS
                                        JUDGE ELIZABETH FOOTE
ARCCA INCORPORATED
MICHAEL L. MARKUSHEWSKI
AND DR. BRIAN J. BENDA                  MAGISTRATE JUDGE MARK L. HORNSBY
*****************************************************************

## PLAINTIFF-BURNETT'S MEMORANDUM IN SUPPORT OF HIS RULE 12[f] MOTION TO STRIKE DEFENDANTS' RULE 12 [b][3] MOTION TO DISMISS FOR IMPROPER VENUE

MAY IT PLEASE THE COURT:

NOW COMES PLAINTIFF-BURNETT, through undersigned counsel who shows that his Rule 12[f] Motion to Strike should be granted, and to strike from Defendants' Rule 12[b][3] Motion to Dismiss any and all 'insufficient defense[s]' and any and all 'redundant, immaterial, impertinent, or scandalous matter[s]' resulting in the Defendants' Rule 12[b][3] Motion to Dismiss for Improper Venue and its attachments be stricken herein.

### 1.
### STATEMENT OF THE CASE

The instant case is about professional malpractice and civil fraud as an actionable wrong under the Louisiana Civil Code, Art. 2315 and Art. CC 1953. It is not a collection suit for monies due under a retainer agreement contract as apparently Defendants seek to characterize it.

### 2.
### ISSUE

Should Defendants' Rule 12[b][3] Motion to Dismiss for improper venue be ordered stricken and have stricken therefrom all 'insufficient defenses' and extraneous support materials cited, attached or appended thereto and relied upon by Defendants?

13

### 3.
### PLAINTIFF-BURNETT'S RESPONSE

Plaintiff-Burnett shows that his Rule 12[f] Motion to Strike should be granted and that all applicable and covered 'insufficient defenses' such as that of 'improper venue' and all attachments thereto including affidavits and attachments, be stricken from the Defendants' Rule 12[b][3] Motion to Dismiss, per Atlantic Marine.

### 4.
### PLAINTIFF-BURNETT'S ARGUMENT

The United States Court of Appeal for the Fifth Circuit has held that,

> "We recently have held that the enforceability of a forum selection clause is a question of law reviewable *de novo*. Mitsui & Co. [USA] Inc. vs. Mira M/V, 111 F.3d 33, 35 [5th Cir. 1997],

And that
> "As the parties do not raise it, we therefore need not reach the considerably more enigmatic question of whether motions to dismiss on the basis of forum selection clauses are properly brought as motions under FED.R.CIV.P 12[b][1]. 12[b][3] or 12[b][6] or 28 U.S.C. §1406[a]" Haynsworth vs. The Corporation, 121 F.3d 956, 962 [5th Cir., 1997].

Approximately sixteen [16] years later in Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas, #12-929, 701 F.3d 730, 571 U.S. [2013], on Certiorari from the U.S. Court of Appeals for the Fifth Circuit, Slip Opinion #12-929 @ pg 1-17, the U.S. Supreme Court addressed and resolved this confusion, as to the proper procedural treatment of a forum selection clause contained within a contract action that was applicable thereto. It should be noted that the instant case is not a contract action as addressed hereinafter. Atlantic Marine involved a construction contract dispute by and between the general contractor [Atlantic Marine Construction Company Inc.] and the subcontractor under the terms and conditions of their construction subcontract. The subcontract contained a forum selection clause which designated Virginia and the subcontractor had filed suit in the United States Western

14

District Court of Texas when this dispute arose.   Atlantic Marine moved to dismiss for having the 'wrong' venue under 28 U.S.C.§1406[a] and 'improper' venue  under Rule 12[b][3] or alternatively, to transfer the case under 28 U.S.C.§1404[a].

The Supreme Court held,  as is here relevant to the instant case, that

> "Atlantic Marine contends that a party may enforce a forum-selection clause by seeking dismissal of the suit under §1406(a) and Rule 12 (b)(3). **We disagree**. Section 1406[a] and Rule 12[b][3] allow dismissal only when venue is 'wrong' or 'improper' Whether venue is wrong or improper depends  exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws and **those provisions say nothing about a forum-selection clause**".
> Ibid @ 4 [emphasis added]

It is important to observe that that the Supreme Court speaking through Justice Alito stated correctly that,

> "Whether the parties' entered into a contract that contains a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b)  As a result a case filed in a district that falls within § 1391 may not be dismissed under  § 1406(a) or Rule 12 [b][3]."  701 F.3d 730,   IBID @ ___

If personal jurisdiction over the defendant[s] is present, venue would be present per §1391[b][3].  Transfer is only within the federal system per §1404[a], which is here not present.

A unanimous Supreme Court speaking through Justice Alito, held that:

> "We reject Petitioner's argument that such a clause [forum selection clause sic.] may be enforced by a motion to dismiss under 28 U.S.C.§1406[a] or Rule 12[b][3] of the Federal Rules of Civil Procedure.." IBID.  Syllabus & Opinion @ pg. 1

Accordingly this  clear language requires that the Defendants Rule 12[b][3] Motion to Dismiss for Improper Venue must be stricken as an insufficient defense and contrary to the Supreme Court's holding in <u>Atlantic Marine Const. Co.</u> in that such enforcement by Defendants is exactly what they procedurally have sought.

Venue is correct in Louisiana and Defendants were each personally served under the provisions of the Louisiana Long Arm statue as the returns confirm in the record. [Doc. 1.] Further, Defendants have admitted service in their Notice of Removal. [Doc. 1]. Venue in the instant case in Bossier Parish, Louisiana [26th JDC] is proper and with the Removal Order [Doc. 3], removal to this Honorable Court, venue is correct in this district court for purposes hereof.   Venue is proper under 28 U.S.C. §1391.

More specifically, it is within the Western District of Louisiana that 'a substantial part of the events or omissions giving rise to the claim occurred' as provided in §1391[b][2] and further, that the Western District of Louisiana has personal jurisdiction over all three [3] defendants via personal service of process under the Louisiana long arm statute and based thereon.

This instant case is not in the 'wrong division or district' of the federal court and that does not come within the provisions of 28 U.S.C. §1406.  This Honorable Court has diversity jurisdiction, subject matter jurisdiction and personal jurisdiction over the Defendants such that 28 U.S.C. §1631 is not applicable.

Plaintiff-Burnett's Motion to Remand has been denied and is currently pending on objection/appeal, no rights thereunder are waived hereby in any regard or application.   Nor is there any change of venue motion under 28 U.S.C. §1404 nor would any be proper under the facts of the instant case.

Respectfully, Defendants' Rule 12[b][3] Motion to Dismiss must be stricken based thereon for it is inappropriate under the express holding of the United States Supreme Court that,

> "Atlantic Marine contends that a party may enforce a forum-selection clause by seeking dismissal of the suit under §1406[a] and Rule 12[b][3]. **We disagree**. Section 1406[c] and Rule 12[b][3] allow dismissal only when venue is "wrong" or 'improper". Whether venue is "wrong" or "improper" depends exclusively on whether the court in which the case was brought satisfies the

16

> requirements of federal venue laws, and **those provisions say nothing about a forum-selection clause**." Atlantic Marine Construction Co., Inc. 701 F.3d 730, ___; 571 U.S. ___ (2013). Opinion @ pg 4. [emphasis added]

What then is 'proper' venue independent from any forum-selection clause in a non-applicable contract retainer agreement? Simply stated by Justice Alito, it is decided by application of §1391[a][1] and whether the case falls within any one of the three categories setforth in §1391[b]. If it does, venue is proper, as it is in the instant case.

And Justice Alito further stated,

> "The conclusion that venue is proper so long as the requirements of §1391[a] are met, irrespective of any forum selection clause, also follows from our prior decisions construing the federal venue statutes." IBID # pg 6.

Defendants' pleadings do not comport with these express rulings by the Supreme Court and should be stricken under Rule 12 (f).

Defendants have not filed a §1406[a] or Rule 12[b][6] motion but, even if they had, a Rule 12[b][6] Motion would be decided only upon the face and four-corners of Plaintiff-Burnett's original Petition and First Amended Petition. More specifically the Western District of Louisiana in Louisiana Crawfish Producers Assoc. et al vs. Amerada Hess Corporation et al, 919 F.Supp. 2d 756 [2013] has confirmed that,

> "The Rule 12[b][6] Standard
> When reviewing a motion to dismiss, this Court's "analysis generally should focus exclusively on what appears in the complaint and its proper attachments." Wilson v. Birnberg, 667 F.3d 591, 595 95th Cir.2012) cert. denied, ___ U.S. ___, 133 S.Ct. 32, 183 L.ED.2d 678 (2012) (citing Fin. Acquisition Partners LP v. Blackwell, 440 F.3d 278, 286 (5th Cir. 2006)). The Court reviews the motion to dismiss under Rule 12(b)(6), "*accepting all well pleaded facts as true and viewing those facts in the light most favorable to the plaintiff.*" Bustos v. Martini Club Inc., 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted) (emphasis added). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell

17

Atl. Corp. v. Twombly, 550 U.S. 44, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (emphasis added). "To survive a motion to dismiss, a complaint must contain *sufficient* factual matter, *accepted as true*, to "state a claim to relief that is *plausible on its face*.'" Ashcroft vs. Iqbal, 556 U.S. 62, 678, 129 S.Ct. 1937, 1949 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955) (emphasis added). [919 F.Supp.2d 756, 762]

## THE INSTANT CASE IS NEITHER A RETAINER CONTRACT DISPUTE OVER PAYMENTS NOR A FSC CASE

This case is neither a retainer contract dispute over payments nor a FSC case since it is not a transfer case even if somehow Defendants had satisfied the holdings of Atlantic Marine, which they failed to do. Most importantly when the case is not a contract dispute about retainer agreement payments, but rather a professional malpractice tort action under La. CC Art. 2315 and a civil fraud case under LSA-CC Art. 1953 et seq. as is the instant case it is markedly different. It involves expert witnesses under La. CE Art. 702, who testified in the 26th JDC, Bossier Parish, Louisiana civil jury trial of Allred vs. Parker, and who performed much of their 'work' in Bossier Parish, Louisiana, that included but was not limited to actual trial testimony, the ARCCA Reports addressed to Plaintiff-Burnett being filed into the court record, et al and as is set forth below.

More specifically, the original Petition filed by Plaintiff and his First Amended Petition [Doc. 1-2 @ pg 2-7 of 78 and pg 12-78 of 78) reflects and confirms the non-exclusive following:

A. Plaintiff-Burnett's original Petition of 26 January 2015 non-exclusively shows:

1. Plaintiff-Burnett was counsel of record for the Plaintiffs in the legal proceedings styled Allred vs. Parker et al", #117886, 26th JDC, Bossier Parish, La. ¶5 and as per ¶17 he did "incorporate herein in toto, the entire record in the Allred case.
2. "8. On or about 18 May 2010, ARCCA-expert Michael Markushewski performed in Bossier Parish, La. his and ARCCA's initial incident vehicle inspection on the subject Allred 1995 Honda Accord which had been secured by the Bossier City Police Department at its impound yard, after the motor vehicle accident, and upon release to Plaintiff, was immediately secured and stored inside a store facility, where it has remained, in Bossier Parish, Louisiana".
3. "9. Thereafter a joint Restraint System removal of the driver's side seat belt assembly including the seat belt and Emergency Locking Retractor, etc. was conducted on or about 19 July 2011 by ARCCA Expert Michael Markushewski nad Honda/Takata's expert, under agreed protocol, in Bossier Parish, Louisiana".
4. "11. ARCCA expert-Dr. Brian Benda conducted an inspection of the Allred 1995 Honda Accord on or about 8 May 2013 in Bossier Parish, Louisiana".

5. "16. A civil jury trial was conducted in the Allred case commencing on 27 January 2014 in which ARCCA experts-Michael Markushewski and Brian Benda did function as testifying experts on 28th and 29th January 2014 respectively".
6. "18. In connection with their role as testifying experts, ARCCA and its experts- Michael Markushewski and Brian Benda did prepare and sign their respective Reports dated 29 May 2013 styled "Biomechanical Analysis Report" by Dr. Brian J. Benda and "Preliminary Analysis Report" by Michael Markushewski dated 28 May 2013, each of which was addressed to Plaintiff-Burnett, and which were filed into the record in the Allred proceeding, and which were in part the subject of deposition testimony as were their two [2] 'surrogate-fit checks' and of Motion practice, which purported to demonstrate based upon their independent examination and findings, the existence of a defective seatbelt/safety restraint system with resultant "slack", and responsible for the fatal head injury received by Paul Day Allred, Jr. and which was rejected by the jury upon information and belief, was made upon actionable errors committed by Defendants in performing services for which they were hired and which they failed to provide."
7. "19. Plaintiff shows that if no defect was present, the Defendants individually and collectively owed a duty to him to so advise him, which they failed to do".
8. "20. The Louisiana Supreme Court has held that testifying retained experts have no immunity from suit, whether under theories of malpractice liability, unjust enrichment, breach of contract, negligence, et al, and where the retained expert made errors in performing services by retained experts for which they were hired, including litigation services, formulating opinions, and recommendations, and giving testimony before or during trial, can be held liable and including but not limited to damages and professional negligence actions and/or for tort claims".
9. "21. More specifically, the Louisiana Supreme Court stated, "…we hold that claims in connection with a retained expert's alleged failure to provide competent litigation support services are not barred by the doctrine of witness immunity." Further, "an expert witness hired to perform litigation support services but who performs those services in a negligent manner, cannot hide from civil liability to his client behind the shield of witness immunity." Marrogi vs.Howard, #2001-CQ-1106, 895 So.2d 1118 [La. 2001]
10. Defendants-ARCCA, Michael Markushewski and Brian Benda under the facts and pleadings of the instant case, [paragraphs 22 and 23], are "retained-friendly experts" under the teachings and holdings of Marrogi and they were paid monies by Plaintiff- Burnett.
11. Defendants-ARCCA, Michael Markushewski and Brian Benda consented to the jurisdiction of the State of Louisiana and the 26th JDC, by their course of conduct, work in the State of Louisiana thereon, and by plying their trade-craft and acceptance by the Court-Judge Parker Self, as testifying experts per La. CE

19

      Art. 702 at which they testified, and via their solicitation of clients over the internet within the State of Louisiana, one of which was Plaintiff-Burnett, and for which subject matter jurisdiction exists. [Original Petition, ¶ 22 and 23.].

12. Plaintiff-Burnett did plead compensation and set-off, and for a full accounting of monies allegedly owed by him if any to Defendants. [Original Petition, §25]
13. Plaintiff-Burnett's prayer for relief sought damages, interest, and attorney fees, costs and expenses resultant therefrom and for such other, and further and additional relief to which he is or may be entitled.
14. Service of Process was achieved via the Louisiana Long Arm Statute.

B. Plaintiff-Burnett's First Amended Petition of 9 April 2015, attached Exhibit "B" non-exclusively shows:

1. Plaintiff-Burnett's First Amended Petition was filed timely, per LSA-CC Art. 1151, in that Defendants had not answered his original Petition.
2. Plaintiff-Burnett did further show that he was counsel of record for Plaintiffs-Allred in the 26th JDC and that he again incorporated herein toto the entire record in the Allred case per ¶ 4-5.
3. Notice of Service on the three [3] Defendants was filed in that record per ¶ 6.
4. This First Amended Petition added paragraphs 27-35 and articulated details going to the heart of the Marrogi claim against Defendants which was that Defendants made mistakes, errors in their conclusions that slack was present in the Allred seatbelt caused by a defective seat belt retractor, thereby allowing Paul Day Allred, Jr. to strike his head and receive the fatal injury, as shown more fully by Defense experts showing to the trier of facts' satisfaction that no slack was present and that the Honda/Takata demonstrated same, including the absence of seatbelt slack in the Allred vehicle.
5. Plaintiff-Burnett shows in ¶ 30 that evidence by defense experts and their pleadings et al,[attached exhibit "B" thereto and quoted in ¶ 31 TBA showed that Defendants proved that "the excess slack was generated as a result of the incorrect measurement of the approximate 64.5 inches of webbing from the top of the sleeve rather than from the outboard anchor point, resulting in an additional 8-9 inches of webbing not present at the accident scene."
6. Plaintiff-Burnett shows that in ¶ 32 that he pled 'both fraud and misrepresentation, including Defendants 'failure to provide competent litigation support services, and including formulating opinions and recommendations and giving testimony before and/or during trial, they should be held liable to include but not limited to damages, tort, attorney fees, tort claims, et al."
7. Plaintiff-Burnett shows in ¶ 33 that "civil law fraud under LSA-CC Art. 1953 was perpetrated by Defendants-ARCCA, Markushewski and Benda upon him, in their misrepresentation and/or suppression of the truth, and/or their silence and inaction, as is more fully shown by the civil jury verdict and the studies,

20

etc. by Allred-Defendants-Honda/Takata that demonstrate same. As a matter of Louisiana law, under LSA-CC 1957, "Fraud need only be proved by a preponderance of the evidence and may be established by circumstantial evidence".

It is respectfully shown that the Plaintiff-Burnett's original Petition and his First Amended Petition sound in malpractice tort under LSA-CC Art. 2315 and civil law fraud under LSA-CC Art. 1953 et al as per Marrogi applicable to "retained-friendly expets". It is a justiciable controversy and simply is not a payment collection suit or a breach of contract action and can stand on its own articulated pleadings and merits. Nor is it a simple 'dispute over payment' as Defendants have maintained and alleged and attempted to characterize it.

## MARROGI IS CONTROLLING AUTHORITY

The United States Court of Appeals-5th Circuit, certified question to the Louisiana Supreme Court dealt with whether a retained expert witness could be sued for his deficient performance of his duties to provide litigation services, such as the formulation of opinions and recommendations and to give opinion testimony before or during trial or did witness immunity bar such a claim. Marrogi [Marrogi vs. Howard, 248 F.3d 382 [5th Cir, 2001]. The Louisiana Supreme Court accepted the certification [ Marrogi vs. Howard, 794 So.2d 778 [La. 2001] and ruled in 805 So.2d 1118 [2002], upon which the Fifth Circuit relied in its ruling of 2002, Marrogi vs. Howard, #00-30786.

The significance of the Louisiana Supreme Court unanimous holding in Marrogi v. Howard, 805 So.2d 118 (La S.Ct. 2002) is that it upheld personal jurisdiction over the Defendant by consent, and the body of this opinion is directed to 'retained-friendly' expert witnesses, and the holding that 'retained-friendly expert' witnesses have or enjoy no witness immunity in Louisiana. To reach this conclusion, the Louisiana Supreme Court held the following, to-wit:

1. "We accepted the certified question presented to this Court by the United States Fifth Circuit Court of Appeal in Marrogi v. Howard, 248 F.3d 382, 386 95th Cir. 2001). The question is this: Under Louisiana law, does witness immunity bar a claim against a retained expert witness, asserted by a party who in prior litigation retained that expert, which claim arises from the experts allegedly deficient performance of his duties to provide litigation services, such as the formation of opinions and recommendations, and to give opinion testimony before or during trial?" For the reasons that follow, we answer that question in the negative" 805 So.2d 1118, 1120 (La. S.Ct. 2002).
2. 'There is no privilege of witness immunity to retained or friendly experts so as to shield them from a malpractice suit by the party that hired them'. 05 S.2d 1118, 1123
3. "Does witness immunity bar a claim against a retained expert witness asserted by a party who in prior litigation hired that expert, which claim arises from the expert's allegedly deficient performance of his duties to provide litigation services, such as the formulation of opinions and recommendations, and to give testimony before or during trial? That question has become one of increasing importance given the rapid growth in the number of professionals and others hired to provide litigants with assistance in the preparation and presentation of their cases. There has been much scholarship on the issue, with the majority of commentators arguing against extending absolute witness immunity to retained or friendly experts. Not surprisingly, there is a growing body of case law on the issue as well, again with the majority of courts finding that no policy interest is served by immunizing negligent litigation support professionals from malpractice and breach of contract liability under the rubric of witness immunity." 805 So.2d 1118, 1123
4. "…we hold that claims in connection with a retained expert's alleged failure to provide competent litigation support services are not barred by the doctrine of witness immunity." [805 So.2d 1118, 1131] and went on to hold, "however, we do not believe that shielding a client's own professional witness from malpractice liability is necessary to ensure that frank and objective testimony is presented to the fact-finder. A party's retained expert witness, rather than a court-appointed expert, for example, contracts for monetary remuneration with a party to assist in preparing and presenting his case not only in the best light possible but also, surely in a competent fashion. Thus, the retained expert's function is not only to assist the court or fact-finder in understanding complicated matters, but also to render competent assistance in supporting his client's action against the client's opponent." Ibid. @ pg. 1131
5. "an expert witness hired to perform litigation support services, but who performs these services in a negligent manner, cannot hide from civil liability to his client behind the shield of witness immunity." 805 So.2d 1118, 1132
6. "Moreover the absence of immunity will not only encourage the expert witness to exercise more care in formulating his or her opinions but also protect the litigant from the negligence of an incompetent professions." 805 So.2d 1118, 1132
7. "The benefit to the judicial system in the rule we announce today is a practical one: ridding the system of incompetent experts and ensuring that reliable opinion testimony is presented to the fact-finder." ." 805 So.2d 1118, 1132

22

The prospect of a professional malpractice claim and its basis in La. CC Art. 2315 tort law, and civil law fraud under La. CC Art. 1953 are not within the ambit of a collection suit nor of the FSC and it is not dependent upon the ARCCA retained agreement.

Fatal to Defendants' position and which is an additional compelling reason to strike, under Rule 12[f], Defendants' Rule 12[b][3] Motion to Dismiss is that the instant case is not a debt collection case as characterized by Defendants, but rather a professional malpractice case and its ancillary CC Art. 2315 'tort' claims and civil law fraud claims per LSA-CC Art. 1953, as articulated in Marrogi and incorporated in Plaintiff-Burnett's original Petition and First Amended Petition as above shown. Further in the ARCCA retainer agreement, two [2] defendants herein are not signatories thereto and who are the expert witnesses herein.

It too would be unreasonable and unconscionable to enforce any FSC in a case such as this, for the effect of which would be to take the malpractice tortfeasor's Louisiana claims under Marrogi that involved numerous personal inspections of the Allred 1995 Honda Accord in Bossier Parish, Louisiana and actual retained expert testimony by ARCCA, Michael Markushewski and Brian Benda in the Allred vs. Parker trial in the 26th JDC, Bossier Parish, Louisiana, which is also where the trial exhibits and record is maintained, where the local witnesses reside, work and live, where the jurors reside, where the Allred 1995 Honda Accord is stored and where the instant professional malpractice tort action and civil law fraud action, was properly commenced and thereafter removed to this Honorable Court. Enforcement of an FSC as sought by Defendants would be unreasonable, unusual and unjust.

5.
## CONCLUSION

Plaintiff-Burnett has presented in this lawsuit, a particularized factual basis supporting his claims against Defendants-ARCCA, Markushewski and Benda for professional malpractice tort under CC Art 2315 and civil law fraud under CC Art 1953, and that it is procedurally correct, whereas Defendants 'insufficient defense' and its related documents should be stricken for the reasons hereinabove setforth by granting this Rule 12 [f] Motion to Strike.

Respectfully submitted,

SIMMONS, MORRIS & CARROLL, L.L.C.

By: *s/B. Trey Morris*
_____
B. Trey Morris, APLC (#28162) – TA
509 Milam Street
Shreveport, LA 71101
(318) 221-1507 –Telephone
(318) 221-4560 –Fax
*btmorris@shreveportlaw.net* –Email

Attorney for Plaintiff-BURNETT

STATE OF LOUISIANA
PARISH OF CADDO

### AFFIDAVIT OF VERIFICATION AND CORRECTNESS

BEFORE ME, the undersigned Notary Public, duly sworn and to me well known, came and appeared Gerald L. Burnett, a person of full age and majority, who did depose and state that he is the Plaintiff in the above styled and captioned matter, that he has read and reviewed this pleading and, that the contents hereof are true and correct to the best of his information, knowledge and belief.

*[signature]*
GERALD L. BURNETT

Thus done and signed before me, Notary Public, on this the 5 day of August 2015.

Notary Public: *[signature]* Justin R___277
Notary Number: 33095
Seal:

25

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to All Counsel of Record.

                                            *s/B. Trey Morris*
                                           _____
                                           B. Trey Morris