UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GERALD L. BURNETT | CIVIL ACTION NO. 5:15CV1214 |
| VERSUS | JUDGE FOOTE |
| ARCCA INCORPORATED,<br>MICHAEL L. MARKUSEWSKI, and<br>DR. BRIAN J. BENDA | MAGISTRATE JUDGE HORNSBY |

### OPPOSITION OF ARCCA INCORPORATED, MICHAEL L. MARKUSEWSKI AND DR. BRIAN J. BENDA TO PLAINTIFF'S RULE 72 OBJECTION TO DENIAL OF MOTION TO REMAND

MAY IT PLEASE THE COURT:

Defendants ARCCA Incorporated ("ARCCA"), Michael L. Markusewski ("Markusewski") and Dr. Brian Benda ("Dr. Benda") submit this Response to Plaintiff's Rule 72 Objection to Denial of Motion to Remand and/or Alternatively Local Rule 74.1 Appeal of Denial to Remand.

Magistrate Judge Hornsby's ruling, which held that defendants satisfied the rule of unanimity when the defendants *jointly* filed their Notice of Removal, is consistent with all applicable law, jurisprudence and common sense. Plaintiff now argues that this court should create a new and additional standard to satisfy the rule of unanimity by requiring the *actual defendants* to sign their removal notice in addition to their attorney's signature. This argument has no basis in law or fact and should be rejected.

Judge Hornsby's ruling, which is consistent with clear legal precedent, is not "clearly erroneous or contrary to law." Therefore, his ruling does not meet the standard required for modification and should not be modified or reversed.

## FACTS AND PROCEDURAL HISTORY

Plaintiff Gerald Burnett filed this action in the 26th Judicial District Court, Bossier City, Louisiana. The state court Petition named three defendants - ARCCA, Markusewski and Dr. Benda. These defendants jointly filed a Notice of Removal on the basis of diversity jurisdiction. (Notice of Removal, Doc. 1) The Notice of Removal was signed by undersigned counsel, Donald Armand, Jr. as counsel of record for each of the three named defendants.

Plaintiff then filed a Motion to Remand alleging that the defendants did not comply with the rule of unanimity and that the defendants did not meet their burden of showing the amount in controversy exceeded $75,000. (Motion to Remand, Doc. 7)

The Motion to Remand was referred to Magistrate Judge Hornsby. In a Memorandum Ruling, Judge Hornsby denied the plaintiff's motion. (Doc. 16) In so holding, Judge Hornsby held: 1) that the rule of unanimity was met as each of the defendants' counsel of record signed the Notice of Removal, clearly evidencing unanimous consent, and, 2) that the amount in controversy clearly exceeded $75,000.

In this Rule 72 objection, Plaintiff argues that Judge Hornsby's holding that the requirements of the rule of unanimity were met was clearly erroneous or contrary to law. (Doc. 19) Plaintiff did not object to Judge Hornsby's finding that the amount in controversy exceeded $75,000.

2

## LAW AND DISCUSSION

### a. Standard of Review

When considering an objection to a magistrate judge's order regarding nondispositive issues, a district court may modify or set aside portions of the orders only if they are **"clearly erroneous"** or **"contrary to law."** Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1)(A); Local Rule 74.1. In this case, Magistrate Judge Hornsby's order denying the Motion to Remand was not clearly erroneous or contrary to law. And, more specifically, his findings regarding the rule of unanimity were not clearly erroneous or contrary to law.

### b. The Rule of Unanimity is Satisfied by the Joint Notice of Removal

28 U.S.C. § 1446(b)(2)(A) provides that:

> When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must *join in* **or** *consent* to the removal of the action. (emphasis added)

This rule codified the jurisprudential rule of unanimity. Prior to the enactment of current 28 U.S.C. § 1446(b)(2)(A), the Fifth Circuit stated that the rule of unanimity "simply requires that there be 'some timely filed written indication from each served defendant, **or from some person or entity purporting to formally act on its behalf in this respect** and to have authority to do, that it has actually consented to such action.' " *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002) (*quoting Getty Oil v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 n. 12 (5th Cir.1988) (emphasis added)).

In this case, the requirements of 28 U.S.C. § 1446(b) and *Getty Oil* are clearly met. First, the Notice of Removal filed in this case was **jointly** filed by all named defendants. Every named defendant, ARCCA, Markusewski and Dr. Benda, **jointly** filed the Notice of Removal. (See Notice of Removal, Doc. 1) This fact alone satisfies the statutory requirements of 28 U.S.C. § 1446(b). Since all defendants "join[ed] in" the removal, no additional written consent to removal is required pursuant to the statue.

Even if the defendants had not joined in the Notice of Removal, the notice filed also meets the requirements of written consent. The notice was signed by Donald Armand, Jr., counsel of record for each of the named defendants. By filing the Notice of Removal and signing it, undersigned counsel purported to have authority to consent on behalf of each of his clients to the removal. This complies with the requirements of *Getty Oil*. Since the requirements of 28 U.S.C. § 1446(b)(2)(A) and *Getty Oil* are clearly met, Magistrate Judge Hornsby's Ruling could not be and is not "clearly erroneous or contrary to law."

## II. Rule 11 and Local Rule 11.1 do not add additional Requirements to the Rule of Unanimity

Plaintiff states that since the Notice of Removal pleading was not signed by the individual defendants, "the only conclusion is that it was not 'approved' by defendants . . ." This position ignores the fact the pleading was signed by the attorney who represents the defendants. Lacking any statutory or jurisprudential basis for this position, Plaintiff then argues that Local Rule 11.1 requires a defendant's signature **in addition** to his counsel's signature on a Notice of

Removal. However, Rule 11 and Local Rule 11.1 do not establish and do not purport to establish any such requirement.

Essentially, Plaintiff is asking the court to adopt a new requirement – that the Notice of Removal, in which all defendants joined, or other written consent to removal be *personally signed by each represented defendant* in addition to being signed by their counsel of record. There is no statutory or juridical basis for this argument and Plaintiff does not cite to a single supporting case. In fact, the jurisprudence on this issue directly contradicts his argument and holds that a signature from the actual defendant **is not necessary**. *See Getty Oil*, 841 F.2d 1254, 1263 n. 12; *Jones v. Scogin*, 929 F. Supp. 988 (W.D. La. 2012) ("each defendant need not actually sign the Notice of Removal…"); *Norman v. Global Life & Acc. Ins. Co.*, 2008 WL 8204385, at *1 (S.D. Tex. Nov. 12, 2008) ("Where an attorney is authorized to represent all defendants, each defendant need not separately sign the notice of removal."); *Stoltz v. River Oaks Mgmt., Inc.*, 2014 WL 5514155, at *2 (S.D. Miss. Oct. 31, 2014) ("All Defendants are not required to sign the Notice of Removal, but there must be some 'timely filed written indication … from some person or entity purporting to formally act on [each Defendants'] behalf in this respect and to have authority to do so, that [each Defendant] has actually consented' to removal."); *Nixon v. Wheatley*, 368 F. Supp. 2d 635, 639 (E.D. Tex. 2005) ("Defendants, however, need not have personally signed the notice of removal.").

In the absence of any statutory or jurisprudential law in support of his position that the Notice of Removal must be personally signed by represented defendants, Plaintiff vaguely references Local Rule 11.1 and cites it out of context to support of his proposition. Local Rule

5

11.1 describes the representations an attorney or unrepresented party makes to the court when he or she signs a document. There is no requirement in Local Rule 11.1 that a *represented* party must sign a Notice of Removal in addition to his attorney's signature.

Local Rule 11.1 merely states the representations made by an attorney or an unrepresented party *when* he signs a pleading. It does not list or purport to create any requirement upon a represented party like the defendants in this case. Local Rule 11.1(B)(5) provides that "all pleadings and written motions have been personally read and approved by all persons whose signature appears on the document." The only applicability this rule has to the instant matter is that Don Armand, Jr.'s signature certifies that he "personally read and approved" the pleading. This rule does not create a requirement that every represented defendant personally read, approve and then personally sign every pleading as plaintiff seems to suggest.

In fact Rule 11(a) actually undermines the Plaintiff's illogical argument. It provides that "[u]nless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit." F. R. Civ. P. 11(a). Therefore, the default rule is that a represented party is not required to personally sign any pleading unless specifically required by law. There is no law specifically requiring a defendant's signature on a Notice of Removal.

Since there is not statutory or jurisprudential requirement that the defendants must personally sign a Notice of Removal, Judge Hornsby's ruling wherein he found that an individual defendant did not have to personally sign a Notice of Removal was not "clearly erroneous or contrary to law."

## CONCLUSION

Rule 72 plainly states that a District Court may modify or set aside portions of a Magistrate Judge's order only if it is "clearly erroneous" or "contrary to law." In this case, Judge Hornsby's ruling denying the Plaintiff's Motion to Remand is not clearly erroneous or contrary to law. Rather, in objecting to Ruling, Plaintiff asks this Court to adopt a new rule that that is actually directly contradicted by established statutory law and jurisprudence.

Plaintiff's objections to Judge Hornsby's Denial of Plaintiff's Motion to Remand should be denied.

PETTIETTE, ARMAND, DUNKELMAN
WOODLEY, BYRD & CROMWELL L.L.P.

BY: S/Donald Armand, Jr.
    Donald Armand, Jr. # 17444- TA
    Trey W. Carter # 35075
400 Texas Street, Suite 400
Post Office Box 1786
Shreveport, Louisiana 71166-1786
(318) 221-1800; (318) 226-0390
darmand@padwbc.com
tcarter@padwbc.com

ATTORNEYS FOR ARCCA INCORPORATED,
MICHAEL L. MARKUSEWSKI and BRIAN J. BENDA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

GERALD L. BURNETT            CIVIL ACTION NO. 5:15CV1214

VERSUS            JUDGE FOOTE

ARCCA INCORPORATED,
MICHAEL L. MARKUSEWSKI, and      MAGISTRATE JUDGE HORNSBY
DR. BRIAN J. BENDA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 11, 2015, a copy of the above and foregoing Objection of ARCCA Inc., Michael L. Markusewski and Dr. Brian J. Benda to Plaintiff's Rule 72 Objection to Denial of Motion to Remand was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Mr. Trey Morris, 509 Milam Street, Shreveport, Louisiana 71101, by United States Mail, with adequate postage prepaid thereon.

           PETTIETTE, ARMAND, DUNKELMAN
           WOODLEY, BYRD & CROMWELL L.L.P.

           BY: S/Donald Armand, Jr.
               Donald Armand, Jr. # 17444- TA
               Trey W. Carter # 35075

           400 Texas Street, Suite 400
           Post Office Box 1786
           Shreveport, Louisiana 71166-1786
           (318) 221-1800; (318) 226-0390
           darmand@padwbc.com
           tcarter@padwbc.com

           ATTORNEYS FOR ARCCA INCORPORATED, MICHAEL L. MARKUSEWSKI, and DR. BRIAN J. BENDA