UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

GERALD L. BURNETT

CIVIL ACTION NO. 5:15-CV-1214

VERSUS

JUDGE ELIZABETH FOOTE

ARCCA INCORPORATED
MICHAEL L. MARKUSHEWSKI
AND DR. BRIAN J. BENDA

MAGISTRATE JUDGE MARK L. HORNSBY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF-BURNETT'S REPLY BRIEF TO
DEFENDANTS' OPPOSITION TO PLAINTIFF'S RULE 72 OBJECTION
TO DENIAL OF MOTION TO REMAND AND/OR
<u>ALTERNATIVELY LOCAL RULE 74.1 APPEAL OF DENIAL TO REMAND</u>**

NOW INTO COURT, through undersigned counsel, comes the Plaintiff-GERALD L. BURNETT, who with respect, does present his Reply Brief to the Defendants' Opposition to Plaintiff's Rule 72 Objection to Denial of Motion to Remand and/or Alternatively Local Rule 74.1 Appeal of Denial to Remand, as follows, to-wit:

**1.
PROCEDURAL RELEVANT HISTORY**

On 22 July 2015, Plaintiff-Burnett filed the pleading styled "Plaintiff's Rule 72 Objection to Denial of Motion to Remand and/or Alternatively Local Rule 74.1 Appeal of Denial to Remand'. [Doc. 19]. Defendants-ARCCA Incorporated, Michael L. Markushewski and Brian J. Benda on 11 August 2015, filed their pleading styled "Opposition of ARCCA Incorporated, Michael L. Markushewski, and Dr. Brian J. Benda to Plaintiff's Rule 72 Objection to Denial of Motion to Remand". [Doc. 23] and to which the instant Plaintiff-Burnett's Reply Brief is filed.

The statutory adoption of the judicial rule of unanimity in removal cases, under the unanimously approved Federal Courts Jurisdiction and Venue Clarification Act of 2011 [HB 394, P.L. 112] [hereafter referred to as 'FCJVCA'], is now codified in 28 U.S.C. §1446[b][2][A] [2011], effective January 2012, and which now provides,

> "When a civil action is removed solely under section 1441[a], *all* defendants who have been joined and served must join in or consent to the removal of the action." [emphasis added].

Unfortunately, Congress did not provide as to how procedurally this 'rule of unanimity' was to be accomplished by defendants seeking to remove a case based upon diversity jurisdiction, which is now the key issue presented in the instant matter.

## 2.
## DEFENDANTS' OPPOSITION

Defendants' Opposition to which this Reply Memorandum is directed, is best stated by quoting from Defendants' Opposition as follows:

> "In this case, the requirements of 28 U.S.C. §1446[b] and *Getty Oil* are clearly met. First, the Notice of Removal filed in this case was *jointly* filed by all named defendants. Every named defendant, ARCCA, Markushewski and Dr.Benda, *jointly* filed the Notice of Removal. [See Notice of Removal, Doc. 1] This fact alone satisfies the statutory requirements of 28 U.S.C. §1446[b]. Since all defendants "join[ed] in" the removal, no additional written consent to removal is required pursuant to the statute." [emphasis in the original].
> "Even if the defendants had not joined in the Notice of Removal, the notice filed also meets the requirements of written consent. The notice was signed by Donald Armand, Jr. counsel of record for each of the named defendants. By filing the Notice of Removal and signing it, undersigned counsel purported to have authority to consent on behalf of each of his clients to the removal. This complies with the requirements of *Getty Oil*. Since the requirements of 28

2

U.S.C.§1446[b][2][A] and *Getty Oil* are clearly met, Magistrate Judge Hornsby's Ruling could not be and is not "clearly erroneous or contrary to law…" [Defendants' Opposition, Doc. 23 @ pg. 4]

## 3.
## ISSUE PRESENTED

The holding by Magistrate Judge Hornsby that, "The three defendants in this case each timely joined the notice of removal when their authorized attorney signed it on their behalf, so the rule of unanimity was satisfied", [Memorandum Ruling, Doc. 16 @ pg. 4] forms the basis for Plaintiff-Burnett's Reply Brief. The issue that is here presented and which is ripe for decision is simply 'Did Defendants do that which was procedurally necessary as a matter of law to 'join in or consent to the removal of the action" as mandated by 28 U.S.C. §1446[b][2][A]'? If it has, then removal was proper and if not, then remand is required as being "contrary to the law" or "clearly erroneous".

## 4.
## PLAINTIFF'S REPLY

### A PROCEDURAL DEFECT IS HERE PRESENT

Magistrate Judge Hornsby in his **Memorandum Ruling**, stated the applicable standard that,

> "Failure to comply with the rule is a procedural defect in the removal that requires remand if it is properly raised in a motion to remain that is filed within 30 days after the filing of the notice of removal 28 U.S.C.§1447[c]; Johnson v. Helmerich & Payne, Inc., 892 F.2d 422, 423 [5th Cir. 1990]. Plaintiff timely filed a motion to remand, so such a defect will require remand if it exists." [Doc. 16 @ pg. 2].

A procedural defect mandates remand in the instant case, it is respectfully submitted.

Magistrate Judge Hornsby stated,

3

> "The state court petition named three defendants. Those three defendants filed a notice of removal that begins:
> "NOW INTO COURT, through undersigned counsel, come ARCCA INCORPORATED, MICHAEL L. MARKUSEWSKI, AND DR. BRIAN J. BENDA, named defendants in the Petition for Damages in the cause of action referenced below, and appearing herein solely for the purpose of presenting this Notice of Removal of below-referenced cause to this Honorable court under the provisions of 28 U. S.C.§1441, et seq. and reserving all rights respectfully shown as follows".
> Defendants then set forth the facts on which they assert diversity jurisdiction. The notice of removal was signed by attorney, Donald Armand, Jr. on behalf of his law firm. His signature block stated that they were: "ATTORNEYS FOR ARCCA INCORPORATED, MICHAEL L. MARKUSHEWSKI, AND BRIAN J. BENDA." [Doc. 16 @ pgs. 2-3].

Magistrate Judge Hornsby concluded by stating that

> "Almost every notice of removal filed in this court is consented to on behalf of the removing defendants[s] by counsel of record, and it is well accepted that a notice of removal signed by an attorney who represents each of multiple defendants satisfies the rule of unanimity." [Doc. 16 @ pg. 3].

It is respectfully urged that upon the facts of the instant case, that the Rule 11 and LR Rule 11.5 signing of a Notice of Removal by the attorney only, and when the Notice of Removal contained absolutely no averments or representations that the three [3] Defendants were united and unanimous in their purported 'join[ed] in' and/or unanimous in their purported consent to removal, or by any one Defendant that averred joinder and consent for each of the other Defendants, and with appropriate authorization to act in that regard, is totally lacking and absent therefrom, where only the Rule 11and LR Rule 11.1 signature of the attorney filing same, without more in these regards as is

4

present in the Notice of Removal, fails to satisfy the statutory requirements of 28 U.S.C. §1446 [Doc. 1].

Had the Defendants' Removal Notice contained an averment by counsel that he had secured the joinder and/or consent from each defendant, or had any one defendant averred in a writing that he had, or had the removal notice contained such a representation/averment, we probably would not be here today.

The controlling Fifth Circuit case that illustrates what the signing attorney must include in the Removal Notice to be effective beyond just his Rule 11 signature, is Matassarin vs. Grosvenor et al, #14-50148, [5:13-CV-913] [Cir, 5th, Nov. 2014]. The Fifth Circuit observed that the notice of removal itself contained necessary language which was,

> "The notice of removal refers to both Grosvenor and Deseo as "Defendants," states that both Defendants received "notice of the suit on September 20, 2013," and *says* that **"all defendants who have been properly joined and served join in or consent to the removal of this case to federal court"**. [emphasis in original]. Opinion @ pg 7

This is completely consistent with the position advanced herein by Plaintiff-Burnett and is in support thereof and contra to that of Defendants and the Memorandum Ruling.

Magistrate Judge Hornsby's **Memorandum Ruling** found the statutory requirement was satisfied when he held that,

> "There need only be written indication from each defendant, which may be signed by a person with authority to act formally on its behalf. An attorney who represents a defendant fits within that description". [Doc. 16 @ pg. 3]

It is with all due respect, that it is shown that this Memorandum Ruling is contrary to the Fifth Circuit Opinion in Matassarin and therefore is 'clearly erroneous' and 'contrary to the law'. The removing defendants must be held to clearly and unequivocally demonstrate that they 'join in or consent to the removal of the action' through an overt statement or representation, as required by 28 USC § 1441 (b)(2)(A) and such a written statement in the removal notice, as was present in Matassarin satisfied same. To allow otherwise, assumes compliance that is not demonstratively shown on the four corners of the removal notice and would not be in compliance with the statute under §1441[b][1][A].

### 5.
### THERE MUST BE REPRESENTATIONS IN THE REMOVAL NOTICE OR OTHER WRITTEN DOCUMENTS TO SATISFY MATASSARIN

Plaintiff-Burnett shows that Judge Hornsby's Ruling stated:

> "Plaintiff argues that Defendants have not satisfied the rule of unanimity because there is "no signed and executed Consent to removal **or document by any other name, evidencing consent or joinder by one and all of the Defendants**" attached to the Notice of Removal…..There need only be written indication from each defendant, which may be signed by a person with authority to act formally on its behalf**. An attorney who represents a defendants fits within that description**." [Doc. 19-2 @ pg. 3]. [emphasis added].

It is respectfully submitted that this Memorandum Ruling is contrary to the holding of Matassarin and should be held to be "contrary to the law" or "clearly erroneous" as a result thereof, in that Matassarin is an example in November 2014 of what satisfies the procedural requirements of 28 U.S.C. §1446[b][2][A] for a notice of removal, which Defendants' notice of removal does not contain. Defendants in their Removal Notice could include a simple statement, representation and/or

verification/affidavit consistent with the statute and the Rules, as well as Matassarin, to be signed by the Rule 11 and LR Rule 11.1 attorney, or by one or more defendants, either singularly, jointly or for one averring on behalf of others, for themselves and with averments that all others 'join in or consent to the removal of the action' and/or that the body of the Removal Notice contain a single sentence by signing counsel, that defendants have all joined and consented to removal of the action, after his consultation with them. This would be consistent with Matassarin and comply with the Fifth Circuit mandate. But such is not present and is lacking in the instant case, and same constitutes a procedural defect mandating remand be ordered.

## 6.
## STATUTORY AND JURISPRUDENTIAL AUTHORITY

The issues presented in the instant case as relate specifically to the Removal Notice, including what is procedurally required to comply therewith, are as follows:

1. Getty Oil Corporation et al vs. Insurance Company of North America, 841 F.2d 1254, FN.11 [Cir. 5th, 1988] the Fifth Circuit stated:

   "But while it may be true that consent to removal is all that is required Under Section 1446, a defendant must do so itself. This does not mean that each defendant must sign the original petition for removal, but there must be some timely **filed written indication** from each served defendant, or from some person or entity purporting to formally act in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant." [Emphasis added].

   Plaintiff-Burnett submitted previously that "Per Getty Oil Corporation, there must be written evidence of the defendants being united in consent/joinder under either clause, which in the instant case is totally lacking." [Reply Memorandum, Doc. 15 @ pg. 3].
   Defendants have confused that which Plaintiff-Burnett clearly relied upon, which was that the attorney complying with his Rule 11 and LR 11.1[b] obligation to the court by signing the Removal Notice in his own name, was

certifying per Rule 11.1[b][5] that the attorney of record " …is certifying to the best of that person's [here the signatory attorney] knowledge, information and belief, formed after an inquiry reasonable under the circumstances, under LR 11.1[B][5] that 'all pleadings and written motions have personally read and approved by all persons whose signature appears on the document'. However, counsel having 'read and approved' the Removal Notice personally, does not extend to, satisfy or encompass the Defendants obligation under 28 U.S.C. §[b][2][A] to "join in or consent to the removal of the action" per the procedural requirements of Matassarin.

The Fifth Circuit in Gills v. La., 294 F.3d 735 (5th C.A., 2002) stated, "We have previously held that in order to comply with the requirements of §1446, all served defendants must join in the removal petition filed prior to the expiration of the removal period. Getty Oil, 841 F. 2d @ 1262 N. 9. This rule simply requires that there be "some timely filed written indication from each defendant, or from some person or entity purporting to formally act on its behalf in this report **and to have authority to do so**, that it has actually consented to such action". Id. @ 1262 N 11 (emphasis added [in original]).

In Nixon v. Wheatby, 368 F. Supp 2d 635, 639 (U.S. D. Ct. ED. TX, Beaumont Division, 2005) the court held removal was proper and denied remand holding, "In the notice of removal, Defendants state that "both defendants file and join in this Notice of Removal". This representation within the Notice of Removal, which was signed by counsel, was supposed to show the defendants "join in the notice of removal"

2. Fifth, Seventh and Eighth Circuits:  It was pointed out by the Ninth Cir., that "…the Fifth, Seventh and Eighth Circuits have adopted the more demanding requirement that **each co-defendant must submit a timely, written notice-of-consent in joinder."** [emphasis added] See: Getty Oil Corp. vs. Ins. Co. of N.Am. F.2d 1254 n.11 [1988]; Roe vs. O'Donohue, 38 F.3d 298, 301 [9th Cir., 1995] [abrogated on other grounds by Murphy Bros., Inc., vs. Michetti Pape Stringing, Inc. 526 U.S. 344, 119 S.Ct.1322, 143 L.Ed. 448 [1999]; Pritchett vs. Cottrell, 512 F.3d 1057, 1062 [8th Cir., 2008]."

3. Sixth Circuit:   The United States Court of Appeals, Sixth Cir. stated in Harper vs. Auto Alliance Intn'l, Inc., 392 F.3d 195, 201-202 that **"at least one attorney of record  sign the notice [sic Removal Notice]  and certify that the remaining defendants consent to removal"**.

4. Ninth Circuit: The United States Court of Appeals, Ninth Cir., in Proctor v. Vishay Intertechnoloty Inc., LLP.,    #07-16527,    2009  WL3260535, 584 F.3d 195,   [Cir. 9th, 2009] held,

> "We adopt the Sixth Circuit's position as fully sufficient to implement the unanimous joinder rule" that "at least one attorney of record sign the notice and certify that the remaining defendants consent to removal. It does not

require that each defendant submit written notice of such consent ". citing Harper vs. Auto Alliance Int'l Inc., Supra. Opinion @ pg 24, 392 F.3d 195 (C.A. 6th, Opinion, 2004).

"The so called 'rule of unanimity' announced by the Supreme Court in Chicago, Rock Island , & Pacific Railway co. v. Martin, 178 U.S. 245, 248, S.Ct. 854, 44 L.Ed. 1055 [1900] established that "all defendants must join in the application for removal". See also Lapides v. Bd. Of Regents of Univ. Sys. of Ga., 535 U.S. 613, 620 [2002] that 'removal requires the consent of all defendants'. Chicago does not specify how defendants must join in removal. Nor does any federal rule or statute specifically prescribe a particular manner in which codefendants' joinder must be expressed."

"...Applying these general principles, we conclude that the filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. **One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient.**" Ibid.
Opinion @ pg 25 [emphasis added]

In the instant case such an 'averment' is lacking and the removal notice is totally silent. Therefore it is a fatal procedural defect.

5. Mayo v. Bd of Educ, Nos. 111816, 11-2037 [8:11-CV-01052] (4th Cir., April 2013) that, "we see no policy reason why removal in a multiple-defendant case cannot be accomplished by the filing of one paper signed by at least one attorney, representing that all defendants have consented to removal." Opinion @ pg 12.

6. Jones vs. Scogin, 929 F. Supp 987, 988 (W.D., La. 1996) in which the Plaintiff's Motion to Removal was granted because none of the other co-defendants, "has filed any written document in the court record indicating consent to the attempted removal action"

## 7.
## CONCLUSION

Defendants Removal Notice is procedurally defective because Defendants did not "join in or consent to removal of the action" by virtue of their attorney signing the pleading per Rule 11 an LR 11.1, when the pleading was totally silent thereto as to any representation or averment that Defendants "join in or consent to removal of the action". As a result the Memorandum Ruling (Doc. 16) upholding same is "contrary to the law" and/or "clearly erroneous". Removal is the appropriate remedy.

Respectfully submitted,

SIMMONS, MORRIS & CARROLL, L.L.C.

*s/B. Trey Morris*
By: _____
B. Trey Morris, APLC (#28162) – TA
509 Milam Street
Shreveport, LA 71101
(318) 221-1507 –Telephone
(318) 221-4560 –Fax
*btmorris@shreveportlaw.net* –Email

Attorney for Plaintiff-BURNETT

STATE OF LOUISIANA
PARISH OF CADDO

### AFFIDAVIT OF VERIFICATION AND CORRECTNESS

BEFORE ME, the undersigned Notary Public, duly sworn and to me well known, came and appeared Gerald L. Burnett, a person of full age and majority, who did depose and state that he is the Plaintiff in the above styled and captioned matter, that he has read and reviewed this pleading and, that the contents hereof are true and correct to the best of his information, knowledge and belief.

_____
GERALD L. BURNETT

Thus done and signed before me, Notary Public, on this the 13 day of August, 2015.

Notary Public: Justin Dewett
Notary Number: 33095
Seal:

### CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of August, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to All Counsel of Record.

s/B. Trey Morris
_____
B. Trey Morris

11