UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| GERALD L. BURNETT | : | CIVIL ACTION NUMBER 5:15cv01214 |
| VERSUS | : | JUDGE ELIZABETH E. FOOTE |
| ARCCA, INC., ET AL | : | MAGISTRATE JUDGE MARK L. HORNSBY |

**MEMORANDUM OF DEFENDANTS, ARCCA, INC., MICHAEL L. MARKUSEWSKI AND DR. BRIAN J. BENDA, IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY, BYRD & CROMWELL, LLP
400 Texas Street, Suite 400 (71101)
P. O. Box 1786
Shreveport, LA 71166-1786
(318) 221-1800
(318) 226-0390 (fax)
darmand@padwbc.com (e-mail)
tcarter@padwbc.com (e-mail)

BY: _____es//Donald Armand, Jr._____
DONALD ARMAND, JR. (#17444), TA
TREY W. CARTER (#35075)
ATTORNEYS FOR ARCCA, INC., MICHAEL L.
MARKUSEWSKI and DR. BRIAN J. BENDA

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| TABLE OF CONTENTS | | i |
| TABLE OF AUTHORITIES | | ii |
| I. | INTRODUCTION | 1 |
| II. | THE MOTION TO STRIKE IS MISAPPLIED AND UNSUPPORTED BY THE RECORD AND THE LAW | 2 |
| | A. Rule 12(f) motions are properly applied to pleadings only and are disfavored | 2 |
| | B. Burnett ignores the record and misrepresents the title and substance of ARRCA's Motion and Memorandum | 3 |
| | C. ARRCA's motion properly relies on *Atlantic Marine* and its progeny to seek dismissal of this suit | 4 |
| | D. The ARRCA forum selection clause applies to this suit | 8 |
| | E. Conclusion – There are no grounds to strike ARCCA's Motion to Dismiss | 11 |
| III. | ARRCA'S MOTION TO DISMISS SHOULD BE GRANTED | 11 |
| IV. | CONCLUSION | 14 |
| CERTIFICATE OF SERVICE | | 16 |

## TABLE OF AUTHORITIES

| CASE | PAGE |
|---|---|
| *Atlantic Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, U.S. 134 S.Ct. 568, 582, 187 L.Ed.2d 487 (2013) | 1 |
| *Commercial Union Ins. Co. v. Upjohn Co.*, 409 F.Supp. 453, (D.C. La. 1976) | 12 |
| *E.E.O.C. v. Joe Ryan Enterprises, Inc.*, 2013 WL 1294696 (M.D. Ala. 2013) | 2 |
| *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir.1996) | 8 |
| *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552 (5th Cir. 2003) | 8 |
| *Emrit v. Watts, Guerra, LLP*, 2014 WL 397-0172, (W.D. Texas 2014) | 7 |
| *Fisherman Surgical Instruments, LLC v. Tri-Anim Health Services, Inc.*, 2007 WL 2100119 (D.C. Kan. 2007) | 2 |
| *Fugitt v. Mississippi Department of Revenue*, 2014 WL 3888281 (Bkrtcy. S.D. Miss., 2014) | 2 |
| *Ginter v. Belcher, Pendergrast & LaPorte*, 536 F.3d 439, (5th Cir. 2008) | 8 |
| *In re Adams*, 516 B.R. 361 (Bkrtcy. S.D. Miss., 2014) | 2 |
| *In re Air Crash Disaster*, 821 F.2d at 1165 (citing *Piper*, 102 S.Ct. at 265) | 13 |
| *In re Commercial Money Center, Inc., Equipment Lease Litigation*, 2007 WL 1514282 (D.C. Ohio 2007) | 2 |
| *In Re Lloyd's Register North America, Incorporated*, 780 F.3d 283, (5th Cir. 2015) | 6 |
| *Indusoft, Inc. v. Taccolini*, 560 Fed.Appx. 245, 249 (5th Cir.2014) | 13 |
| *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 222 (5th Cir.1998) | 8 |
| *Mason v. Range Resources-Applachia, LLC*, 2014 WL 1572431 (W.D. Pa. 2014) | 2 |

*MaxEn Capital, LLC v. Sutherland,* No. H-08-3590, 2009 WL 936895, at *6 (S.D. Tex., Apr. 3, 2009) — 9

*Porto Transp., Inc. v. Consolidated Diesel Elec. Corp.*, 19 F.R.D. 26, (D.C. N.Y. 1956) — 12

*Pride International, Inc. v. Tesco Corporation* (US), 2014 WL 722129, (S.D. Texas 2014) — 7

*Saye v. First Specialty Insurance Company,* 2014 WL 1386565, (N.D. Texas, 2014) — 7

*Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 721 (9th Cir.1999) — 10

*Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.,* 796 F.2d 821, 829 (5th Cir. 1986) — 13

*U.S. v. Coney,* 689 F.3d 365, (5th Cir. 2012)

*Vloeibare Pret Limited v. Lloyd's Register North America, Inc.*, 2014 WL 3908195, (S.D. Texas 2014) — 7

*Wellogix v. SAP America Inc.,* 58 F.Supp.3d 766, (S.D. Texas, 2014) — 7

| **RULE** | **PAGE** |
|---|---|
| Federal Rules of Civil Procedure, Rule 7(a) | 2 |
| Federal Rules of Civil Procedure, Rule 12(b)(3) | 3 |
| Federal Rules of Civil Procedure, Rule 12(b)(6) | 5 |
| Federal Rules of Civil Procedure, Rule 12(f) | 2 |

| **OTHER AUTHORITY** | **PAGE** |
|---|---|
| 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure,* Section 1380 (3d ed. 2004) | 3 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| GERALD L. BURNETT | : | CIVIL ACTION NUMBER 5:15cv01214 |
| VERSUS | : | JUDGE ELIZABETH E. FOOTE |
| ARCCA, INC., ET AL | : | MAGISTRATE JUDGE MARK L. HORNSBY |

### MEMORANDUM OF DEFENDANTS, ARCCA, INC., MICHAEL L. MARKUSEWSKI AND DR. BRIAN J. BENDA, IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

### I. INTRODUCTION

Defendants ARCCA, Inc., Michael L. Markusewski and Dr. Brian Benda (herinafter referred to collectively as "ARCCA") filed a Motion to Dismiss this suit based on the holding of *Atlantic Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, U.S., 134 S.Ct.568, 582, 187 L.Ed.2d 487 (2013). (Doc. 17). Plaintiff Gerald Burnett did not file an opposition to the Motion to Dismiss before the deadline set by the Court. Rather, he filed a Motion to Strike ARCCA's Motion to Dismiss.

Burnett's Motion to Strike is misapplied, the factual allegations contradicted by the record and the arguments are unsupported by law. ARCCA's Motion to Dismiss does not raise any matter that should be stricken. To the contrary, ARCCA's Motion accurately states the facts and correctly seeks enforcement of a valid forum selection clause. Burnett's Motion to Strike should be denied and ARCCA's Motion to Dismiss should be granted.

1

## II.  THE MOTION TO STRIKE IS MISAPPLIED AND UNSUPPORTED BY THE RECORD AND THE LAW

### A.  Rule 12(f) motions are properly applied to pleadings only and are disfavored.

Rule 12(f) motions may be directed only towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f). *U.S. v. Coney*, 689 F.3d 365, (5th Cir. 2012). District courts in recent cases have refused to allow motions to strike summary judgment pleadings under Rule 12(f). *Fugitt v. Mississippi Department of Revenue*, 2014 WL 3888281 (Bkrtcy. S.D. Miss., 2014); *In re Adams*, 516 B.R. 361 (Bkrtcy. S.D. Miss., 2014); *Mason v. Range Resources-Applachia*, LLC, 2014 WL 1572431 (W.D. Pa. 2014); *E.E.O.C. v. Joe Ryan Enterprises, Inc.*, 2013 WL 1294696 (M.D. Ala. 2013); *Fisherman Surgical Instruments, LLC v. Tri-Anim Health Services, Inc.*, 2007 WL 2100119 (D.C. Kan. 2007); *In re Commercial Money Center, Inc., Equipment Lease Litigation*, 2007 WL 1514282 (D.C. Ohio, 2007).

Even if the use of Rule 12(f) is appropriate as a challenge to ARCCA's motion, Burnett's motion fails to make the showing required to obtain relief under the Rule. A motion to strike under Federal Rule 12(f) is the appropriate remedy for the elimination of redundant, immaterial, impertinent, or scandalous matter in any pleading. Rule 12(f) motions are disfavored as a general matter and "should be sparingly used." *U.S. v. Coney*, supra. In order to succeed under Rule 12(f), the movant must meet the "high bar" of showing that the challenged allegations are "so unrelated to the parties' claims as to be unworthy of any consideration." *Id.*

> Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harrassing tactic, numerous

2

judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted. Thus, in order to succeed on a Rule 12(f) motion to strike surplus matter from an answer, the federal courts have established a standard under which it must be shown that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party. 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d ed. 2004).

Burnett's motion falls far short of making the showing required for relief under Rule 12(f).

ARCCA's Motion to Dismiss is clearly "related to the parties claims," and is "worthy of consideration." The Motion to Dismiss does not raise any "surplus," scandalous or impertinent matter. The Motion seeks enforcement of a valid forum selection clause. Burnett's Motion to Strike makes no showing to the contrary.

Rather, the substance of Burnett's Motion to Strike is simply an argument on the merits, opposing ARCCA's Motion to Dismiss. Opposition on the merits to the relief sought is not the purpose of Rule 12(f). The arguments in ARCCA's Motion are clearly "related to" this dispute and are, in fact, correct.

**B. <u>Burnett ignores the record and misrepresents the title and substance of ARCCA's Motion and Memorandum.</u>**

Directly contrary to the plain wording of the ARCCA's Motion to Dismiss in the record, Burnett refers to ARCCA's Motion as a "Rule 12[b][3] Motion to Dismiss for Improper Venue." (Burnett Motion to Strike, Doc. 21, p. 421-422 and throughout). The title of ARCCA's motion and the entire body of the Motion and Memorandum in Support prove that this statement is a

3

misrepresentation of the record. The motion is entitled, "Motion to Dismiss." (Doc. 17, p. 188). Burnett simply misrepresents the title of the motion then argues, with no factual basis, that ARCCA is seeking relief under Rule 12(b)(3). That argument simply ignores the record.

### C. ARCCA's motion properly relies on *Atlantic Marine* and its progeny to seek dismissal of this suit.

Based on the misrepresentation of substance of ARCCA's motion discussed above, Burnett argues that ARCCA's motion is "insufficient" because it seeks dismissal pursuant to Rule 12(b)(3), contrary to the holding of *Atlantic Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, supra.

Again, this argument is contradicted by the record. As plainly set forth in the Memorandum, ARCCA does not cite Rule 12(b)(3) but *relies on and precisely follows* the Supreme Court's holding in *Atlantic Marine* to seek dismissal of this suit to enforce a valid forum selection clause. (Doc. 17-1, p. 203-206)

ARCCA's Memorandum specifically discusses the Supreme Court's ruling regarding Rule 12(b)(3):

> "The first issue considered by the *Atlantic Marine* court was procedural – whether a motion to dismiss for improper venue under F.R.C.P. 12(b)(3) – dismissal for "improper" venue - is the correct procedural vehicle to use to enforce a forum selection clause. The court held that Rule 12(b)(3) is not correctly employed to enforce forum selection clauses, because the parties' selection of a venue in a contract does not, in itself, render a venue "improper"

4

under federal law. *Id.* at 579."(ARCCA Memorandum in Support of Motion to Dismiss, Doc. 17-1, p. 204)

ARCCA's Memorandum goes on to correctly state that the *Atlantic Marine* court strengthened the rules concerning enforcement of forum selection clauses, holding that the "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system," so a valid forum-selection clause should be given controlling weight in "all but the most exceptional cases." (ARCCA Memo, Doc. 17-1, p. 204-206, citing *Atlantic Marine* at 581-583.)

ARCCA's Memorandum correctly describes the *Atlantic Marine* court's instructions for the application of *forum non-conveniens* remedy to enforce FSCs in cases like this one – where the clause specifies a non-federal forum:

> "The *(Atlantic Marine)* court recognized, however, that Section 1404(a) governs transfer only within the federal court system. Therefore, the court held that, "When a forum-selection clause points to a state or foreign forum, the clause may be enforced through the doctrine of *forum non conveniens.*" *Id.* at 580. (ARCCA Memo, Doc. 17-1, p. 204, citing *Atlantic Marine* at 580)

Finally, ARCCA's Memorandum correctly explains that dismissal is the appropriate remedy for such cases (like this one):

> "The *Atlantic Marine* court specifically declined to consider whether a defendant could obtain dismissal ***under Rule 12(b)(6)*** if the plaintiff files suit in a district other than the one specified in a forum-

5

selection clause. *Id.* at 580. However, in a footnote, the Court suggested that a motion to dismiss for *forum non-conveniens* is the appropriate procedural vehicle for enforcement of FSCs in such cases, thereby confirming that dismissal is the appropriate remedy:

> For the reasons detailed above, see Part II–B, *supra,* the same standards should apply to motions to dismiss for *forum non conveniens* in cases involving valid forum-selection clauses pointing to state or foreign forums. … caution (in forum non-conveniens cases, over the availability of a viable forum for plaintiffs) is not warranted, however, when the plaintiff has violated a contractual obligation by filing suit in a forum other than the one specified in a valid forum-selection clause. In such a case, dismissal would work no injustice on the plaintiff. *Id* at Fn. 8. (ARCCA Memo, Doc. 17-1, p. 19-20, citing *Atlantic Marine* Fn. 8)

ARCCA's arguments are a correct statement of the law and the dismissal sought by ARCCA is the correct result under *Atlantic Marine.*

ARCCA's Memorandum also correctly stated that, since *Atlantic Marine,* the Fifth Circuit and District courts in the Fifth Circuit (cited below) have granted dismissals to enforce forum-selection clauses that designate state or foreign forums. Some, but not all, have based the dismissal specifically on the application of the doctrine of *forum non-conveniens.* Some courts have treated the motions seeking dismissals as motions for summary judgment.

See the following cases:

- ***In Re Lloyd's Register North America, Incorporated,*** 780 F.3d 283, (5th Cir. 2015) - Fifth Circuit granted petition for mandamus, directing District court to vacate prior denial of motion to dismiss and to dismiss suit to enforce FSC.

6

- ***Vloeibare Pret Limited v. Lloyd's Register North America, Inc.***, 2014 WL 3908195, (S.D. Texas 2014) – Defendant filed "Motion to Dismiss" suit by enforcement of forum selection clause specifying forum in England. Citing *Atlantic Marine*, the District Court granted the motion to dismiss.

- ***Pride International, Inc. v. Tesco Corporation* (US)**, 2014 WL 722129, (S.D. Texas 2014) – Defendants filed a "motion to dismiss" based on three arguments - that the Court lacked subject matter jurisdiction under Rule 12(b)(1), 2) that venue was improper under Rule 12(b)(3), and 3) that the case should be dismissed for *forum non conveniens* based on a forum selection clause that specified an English forum. Citing *Atlantic Marine*, the District Court granted the motion to dismiss.

- ***Emrit v. Watts, Guerra, LLP***, 2014 WL 397-0172, (W.D. Texas 2014) – Defendants filed a motion to dismiss based pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, 2) for *forum non conveniens* to enforce a forum-selection clause that specified a Texas state court forum. Citing *Atlantic Marine,* the District Court granted the motion to dismiss for *forum non conveniens,* enforcing the forum selection clause.

- ***Wellogix v. SAP America Inc.***, 58 F.Supp.3d 766, (S.D. Texas, 2014) – Clause specified a forum in Germany. Applying the *Atlantic Marine* analysis, the court enforced the forum selection clause by the granting of a summary judgment, dismissing the suit.

- ***Saye v. First Specialty Insurance Company***, 2014 WL 1386565, (N.D. Texas, 2014) – Clause specified a forum in New York state court. Applying *Atlantic Marine* analysis, Court dismissed plaintiffs' complaint, without prejudice to be refiled in New York.

The difference in these courts' characterizations of the motions is not surprising - as discussed above, the *Atlantic Marine* court held that Rule 12(b)(3) is not correctly employed to enforce forum selection clauses but declined to rule on the application of Rule 12(b)(6). However, the Court did hold that dismissal based on *forum non-conveniens* is the appropriate remedy in FSCs specifying a non-federal forum. Following this directive, ARRCA's Motion does not cite or rely on Rule 12(b)(3), but rather, seeks dismissal based on *Atlantic Marine*'s holding concerning the particular application of *forum non-conveniens* in FSC cases.

7

As recognized by the Fifth Circuit, it is "more than well established" that a court is not bound by how a party labels its motion. The relief sought should be determined by substance, not a label. *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552 (5th Cir. 2003); *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir.1996). Here, the substance of ARCCA's motion is identical to and controlled by the *Atlantic Marine* rationale and the proper remedy is dismissal.

**D.     The ARCCA forum selection clause applies to this suit.**

Like the arguments discussed above, the second primary argument raised by Burnett in the Memorandum in Support of the Motion to Strike is (again) an argument on the merits – an opposition to ARCCA's Motion to Dismiss. Burnett argues that the forum selection clause in the Agreement does not apply to this suit, which he characterizes as a "malpractice" claim against ARCCA and its representatives, Michael L. Markusewski and Dr. Brian J. Benda.

For purposes of the Motion to Strike, this argument fails – the argument in ARCCA's Motion that the forum selection clause applies to this dispute is clearly "related to the parties' claims" and should not be stricken under Rule 12(f). *U.S. v Coney*, supra.

Further, ARCCA's position on the underlying issue is correct – the terms of the ARCCA agreement, including the forum selection clause, clearly apply to this suit. The Fifth Circuit has rejected identical attempts by litigants to avoid their contractual obligations under FSCs by arguing that their suits were "tort claims" not covered by the contracts at issue. *Ginter v. Belcher, Pendergrast & LaPorte*, 536 F.3d 439, (5th Cir. 2008); *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, (5th Cir.1998).

8

To determine whether a claim falls within the scope of a forum-selection clause, a court looks to the language of the contract. The scope of a forum-selection clause is not limited solely to claims for breach of the contract that contains it. *Marinechance Shipping*, supra; *Wellogix*, supra; *MaxEn Capital, LLC v. Sutherland*, No. H–08–3590, 2009 WL 936895, at *6 (S.D.Tex. Apr. 3, 2009).

In *Ginter*, supra, the Fifth Circuit rejected the plaintiffs' argument that their legal malpractice claim was not covered by the contract they had entered with the defendant attorneys:

> The Ginters also argue that even if the forum selection clause is enforceable, it should not apply here because they have not sued for breach of contract—they have sued only under various tort theories. In *Marinechance Shipping Ltd. v. Sebastian*, we faced a similar situation, where a litigant attempted to sidestep the reach of a contractual forum-selection clause by suing under causes of action sounding in tort. In holding that the forum-selection clause covered the tort causes of action, we foreswore any slavish adherence to a contract/tort distinction; to hold to the contrary would allow a litigant to avoid a forum-selection clause with "artful pleading." Instead, we examined the language of the forum-selection clause with a common-sense view of the causes of actions to determine whether the clause was broad enough to cover the torts.
>
> Here, the forum-selection clause at issue provides the following: "Any action at law, suit in equity, or other judicial proceeding for the enforcement and/or breach of this contract, or any provision thereof, shall be instituted only in the 19th Judicial District Court of the State of Louisiana." While the clause speaks of covering suits dealing with the enforcement or breach of the contract, the causes of action here all arise out of Belcher's contractual relationship with Ginters. Though their causes of action sound in tort, the Ginters are complaining about the failure of Belcher to fulfill his contractual obligations. We conclude that the suit is covered by the forum-selection clause. *Ginter*, supra at 444 - 445.

The *Ginter* rationale applies with even more force to this case because the language of the ARCCA Agreement is broader in scope than the language of the contract in *Ginter*. The forum selection clause in the ARCCA Agreement provides that:

9

> The parties agree that any dispute, controversy or claim arising under or in connection with this contract shall be decided exclusively by and in the Court of Common Pleas of Bucks County, Pennsylvania. (Doc.17-2, p. 227.)

In forum-selection clauses, the phrase "arising in connection with" has been found to reach "every dispute between the parties having a significant relationship to the contract and all disputes having their origin or genesis in the contract." *Wellogix*, supra; *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir.1999).

This suit is clearly a "dispute, controversy or claim arising under or in connection with" the ARCCA agreement.

Page 1 of the Agreement confirms that Burnett "retained ARCCA, Inc. to provide professional support services in connection with the Allred v. Honda/Takata" suit. (Doc.17-2, p. 225.) In the "TERMS & CONDITIONS," specifically incorporated into the Agreement, ARCCA and its employees agreed to "assist (Burnett) in the technical matters" in the Allred case in exchange for hourly fees and other consideration. The services to be provided by ARCCA specifically included, "without limitation: consultation, case review, technical investigation, research, laboratory work... report preparation, depositions, court appearances, standby and travel." (Doc.17-2, p. 226.)

The claims asserted by Burnett in this suit arise from the services provided by ARCCA, Michael L. Markusewski and Dr. Brian J. Benda pursuant to the above-quoted agreement, including but not limited to investigation (inspections), testing, reporting, depositions and court appearances. (Doc.1-2, Notice of Removal, Exhibit A – Burnett Petitions). This suit is clearly a "dispute, controversy or claim arising under or in connection with" the ARCCA agreement.

Thus, under the holdings of the Fifth Circuit in *Ginter* and *Marinechase*, and in light of the broad language of the ARCCA contract, the forum selection clause clearly applies to this suit.

### E.     Conclusion – There are no grounds to strike ARCCA's Motion to Dismiss

In summary, Burnett's motion fails to make the showing required for relief under Rule 12(f).

ARCCA's Motion to Dismiss does not raise any "surplus," scandalous or impertinent matter. The Motion seeks enforcement of a valid forum selection clause. The arguments in ARCCA's Motion are clearly "related to" this dispute and are, in fact, correct.

### III.    ARCCA'S MOTION TO DISMISS SHOULD BE GRANTED

ARCCA's Motion to Dismiss was filed on July 17, 2015. (Doc. 17). The Court issued a Notice of Motion Setting on July 20, setting a deadline for opposition to the Motion to Dismiss of 21 days from service of the motion. (Doc. 18)  Burnett did not file an opposition to the Motion to Dismiss before that deadline, which was August 7, 2015.  Burnett's Motion to Strike includes a paragraph which states that Burnett "does expressly reserve his right to respond as might be appropriate to the Defendants' Motion to Dismiss once the instant Rule 12[f] Motion to Strike has been decided." (Doc. 21, p. 425). However, Burnett did not move for an extension of the deadline to file an opposition and the other briefing deadlines set by the Court did not address or extend that deadline.  Thus, the deadline for Burnett's opposition has passed.

However, the substance of Burnett's Motion to Strike and Memorandum in support is, in fact, an argument on the merits of the issue – the enforceability of the ARCCA forum selection

11

clause. The motion to strike fails to make the showing required by Rule 12(f) and *U.S. v. Coney*, supra. However, ARCCA acknowledges that the Court may be inclined to consider the substance of the Motion to Strike as an opposition to ARCCA's Motion to Dismiss.[1]

However, even if Burnett's arguments are considered as an opposition, those arguments still fail. Under the dictates of *Atlantic Marine*, the valid, mandatory ARCCA forum selection clause must be enforced. ARCCA refers the Court to the arguments fully set forth in its Motion to Dismiss and Memorandum in Support. (Docs. 17, 17-1) The ARCCA forum selection clause is mandatory and must be enforced. As discussed above, the forum-selection clause applies to this suit.

*Atlantic Marine* laid out the process courts must follow in ruling on a motion that seeks to enforce a valid forum-selection clause. Instead of independently weighing the private interests of the parties, the court should "deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id* at 582. The court must then weigh the public-interest factors, which include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 581 n. 6 **The plaintiff's choice of forum will not**

---

[1] Some courts have treated improperly filed motions to strike under Rule 12(f) as other motions in order to rule on their substance. The spirit of the cases is the "well established" rule discussed above - that a court is not bound by how a party labels its motion. The relief sought should be determined by substance, not a label. *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales, Inc.*, supra; *Edwards v. City of Houston*, supra. For example: Motion to strike portions of an answer not drawn in conformity with Rules 8(e) and 10(b) was treated as a motion to compel the separate statement of certain defenses in the responsive pleading. *Porto Transp., Inc. v. Consolidated Diesel Elec. Corp.*, 19 F.R.D. 26, (D.C. N.Y. 1956). A motion of the defendant to strike the plaintiff's claim for punitive damages in a products liability action, based as it was on a claim that the damages were not properly recoverable under Louisiana law, was treated as a motion to dismiss for failure to state a claim upon which relief could be granted. *Commercial Union Ins. Co. v. Upjohn Co.*, 409 F.Supp. 453, (D.C. La. 1976); Wright and Miller, supra, Section 1380.

12

**be given any weight, unlike in the ordinary forum non-conveniens context.** *Id.* at 581. See also *In Re Lloyd's Register,* supra, at 293 – 294.

No public interest factors exist which make this case one of the "most exceptional cases" where a party should be allowed to "flout his contractual obligation" in the FSC. Burnett makes no showing whatsoever of any of those factors, and none exist. There are no "administrative difficulties" in the Pennsylvania court in the pending suit between the same parties on the same issues – indeed, that case is proceeding with discovery and a trial setting. Burnett is free to litigate all claims and defenses in that suit. This is not a localized controversy" that presents any particular public interest to Louisiana – it is a dispute between a lawyer in one state and technical experts from another state concerning claims pursued by the attorney against foreign defendants (Honda/Takata). The parties freely agreed to the choice of a Pennsylvania forum. Further, the parties agreed to apply Pennsylvania law to disputes under the contract, so the Pennsylvania court is more familiar with the applicable law.

An alternative forum is "adequate" when "the parties will not be deprived of all remedies or treated unfairly." *In Re Air Crash Disaster,* 821 F.2d at 1165 (citing *Piper,* 102 S.Ct. at 265); *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.,* 796 F.2d 821, 829 (5th Cir.1986). As the party moving to dismiss for *forum non conveniens* based on a FSC, ARCCA "may rely on a presumption that the foreign forum is adequate." *Indusoft, Inc. v. Taccolini,* 560 Fed.Appx. 245, 249 (5th Cir.2014). The parties expressly agreed to both a Pennsylvania forum and the application of Pennsylvania law. There is no injustice in holding the parties to their bargain.

13

Under *Atlantic Marine,* the party *resisting* enforcement has the burden of showing that public-interest factors "overwhelmingly disfavor" dismissal. *Id.* Burnett has made no showing that public-interest factors disfavor dismissal, and has not met his burden under *Atlantic Marine*. This is not an "unusual case," and the forum-selection clause should be enforced.

## IV. CONCLUSION

In the ARCCA contract, Burnett agreed to litigate disputes in Pennsylvania in exchange for binding promises for services by the Defendants. After he was sued by ARCCA in Pennsylvania for his failure to pay for the contracted services, Burnett ignored his contractual obligation and, in an attempt to forum shop, filed this suit.

The forum selection clause in the ARCCA agreement is valid and mandatory, bargained for by the parties, including Burnett, a sophisticated attorney who has admitted, in pleadings, full familiarity with the applicable law concerning forum selection clauses. In that agreement, Burnett exercised his "venue privilege." Only that initial choice deserves deference. All private-interest factors weigh entirely in favor of the preselected forum. No public interest factors exist capable of defeating the enforcement of the agreement. The agreement protects the legitimate expectations of the parties and furthers vital interests of the justice system. In the words of the *Atlantic Marine* court, ***"The interest of justice" is served by holding parties to their bargain."***

All applicable law mandates that the valid forum selection clause be enforced. This suit should be dismissed, without prejudice to Burnett to litigate any and all claims arising from or related to the ARCCA agreement and related transactions in the Pennsylvania suit.

(Signature on next page)

Respectfully submitted,

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY, BYRD & CROMWELL, LLP
400 Texas Street, Suite 400 (71101)
P. O. Box 1786
Shreveport, LA 71166-1786
(318) 221-1800
(318) 226-0390 (fax)
darmand@padwbc.com (e-mail)
tcarter@padwbc.com (e-mail)


BY: _____es//*Donald Armand, Jr.*_____
        DONALD ARMAND, JR. (#17444), TA
        TREY W. CARTER (#35075)
ATTORNEYS FOR ARCCA, INC., MICHAEL L.
MARKUSEWSKI and DR. BRIAN J. BENDA

15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| GERALD L. BURNETT | : | CIVIL ACTION NUMBER 5:15cv01214 |
| VERSUS | : | JUDGE ELIZABETH E. FOOTE |
| ARCCA, INC., ET AL | : | MAGISTRATE JUDGE MARK L. HORNSBY |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 26th day of August, 2015, a copy of the above and foregoing Memorandum in Opposition to Plaintiff's Motion to Strike was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

BY: _____es//*Donald Armand, Jr.*_____
DONALD ARMAND, JR. (#17444), Trial Attorney
TREY W. CARTER (#35075)
ATTORNEYS FOR ARCCA, INC., MICHAEL L. MARKUSEWSKI and DR. BRIAN J. BENDA