UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GERALD L. BURNETT | CIVIL ACTION NO. 5:15-CV-1214 |
| VERSUS | |
| | JUDGE ELIZABETH FOOTE |
| ARCCA INCORPORATED<br>MICHAEL L. MARKUSHEWSKI<br>AND DR. BRIAN J. BENDA | MAGISTRATE JUDGE<br>MARK L. HORNSBY |

************************************************************************

**PLAINTIFF-BURNETT'S REPLY MEMORANDUM TO DEFENDANTS'
OPPOSITION MEMORANDUM [DOC. 25] TO PLAINTIFF-BURNETT'S
RULE 12[F] MOTION TO STRIKE [DOC. 21] THE DEFENDANTS'
MOTION TO DISMISS [DOC. 17]**

**1.
INTRODUCTION-MOTION PRACTICE IS BEING ACTIVELY PURSUED VIA
RULE 12 AND NOT §1404, §1406 or §1391] NOR RULE 56**

PLAINTIFF-BURNETT files his Reply Memorandum to Defendants' Opposition Memorandum [Doc. 25] to Plaintiff-Burnett's Rule 12[f] Motion to Strike [Doc. 21] the Defendants' Motion to Dismiss [Doc. 17] as follows:

Defendants' Opposition Memorandum represents a procedurally erroneous attempt to artfully shift their focus away from the Plaintiff-Burnett's Rule 12[f] Motion to Strike [Doc. 21] and to thereby re-argue the 'merits' of Defendants' Motion to Dismiss [Doc. 17], which should be 'out of time' and unsuccessful and to which Plaintiff-Burnett has not yet responded on the merits. Defendants have essentially sought a Dismissal without prejudice as a specifying dismissal Order under Rule 41[b], however, if the labels and/or lack thereof are removed and the substance examined, Defendants Motion to Dismiss [Doc. 17] remains based upon their concept of 'improper venue' and without addressing the doctrine of forum non conveniences as a source therefor.

What Defendants seek to do is to achieve a ruling upon the merits of their Motion to Dismiss without conducting the necessary inquiry and without Plaintiff-Burnett having filed his Opposition Memorandum to Defendants Motion to Dismiss [Doc. 17] because the Rule 12(f) Motion is pending. Importantly the Supreme Court in <u>Atlantic Marine Const. Co.</u> in FN5 states, "Our analysis presupposes a contractually valid form selection clause".

While Plaintiff-Burnett does not agree and will contest same appropriately, Defendants have at no point utilized the procedure seemingly approved in <u>Atlantic Marine Const. Co.</u> based upon doctrine or "forum non conveniences", in cases not involving a transfer from one federal district to another under 28 U.S.C. § 1441(a) and with their assumption that in general [a] the instant suit is subject to the retainer agreement and its "valid" Forum Selection Clause [sometimes hereinafter referred to as 'FSC'], [b] that the FSC is valid, binding and applicable; [c] that there are no defenses to the 'FSC', [d] that they apparently do not need to address <u>Marrogi vs. Howard</u> for they have not, and the ruling therein by the La. Supreme Court and the Fifth Circuit Court of Appeals, [e] that the parties agreed to the FSC after negotiations and that in return for same, Plaintiff received some bargained for consideration and including 'presumably in exchange for other, binding provisions by the Defendants", which however, are premature. The Rule 12(f) motion to strike for insufficient defenses is appropriate. Plaintiff-Burnett does intend to vigorously challenge the validity and application of the FSC and to present to this Honorable Court his supported argument that Defendants are neither correct as a matter of fact of law and should be rejected. More specifically, to Defendants efforts to expand their Motion to Dismiss [Doc. 17] within the context of

their Opposition Memorandum [Doc. 25], is not acceptable and should be rejected and the Rule 12(f) Motion to Strike granted.

Defendants have divided the contents of their Memorandum in Opposition [Doc. 25] into those major sections as shown by their Table of Contents [Doc.25 @ pg. 1] and state:

> "Defendants seek to argue that "The Motion to strike is misapplied and unsupported by the record and the law" [Doc. 25 Table of Contents] and that "Burnett's Motion to Strike is misapplied, the factual allegations contradicted by the record and the arguments are unsupported by law"
> [Doc. 25.Memorandum of Opposition @ pg. 1]; and that "To the contrary, ARCCA's Motion to Dismiss accurately states the facts and correctly seeks enforcement of a valid forum selection clause". [Doc. 25 Memorandum in Opposition, @ pg. 1]. Defendants further seek that 'Burnett's Motion to Strike should be denied and ARCCA's Motion to Dismiss should be granted." [Doc. 25 @ pg. 1.

Plaintiff Burnett objects and disagrees therewith.

2.
## PLAINTIFF-BURNETT'S SPECIFIC REPLY TO RULE 12[f] OBJECTIONS BY DEFENDANTS

[A]   **Plaintiff-Burnett's Reply to Defendants contention that "A. Rule 12[f] motions are properly applied to pleadings only and are disfavored". [Doc. 25 @ pg. 2]**

Plaintiff-Burnett shows that Rule 12 applies to motions as well as pleadings, contrary to the Defendants stated position that "Rule 12[f] motions may be directed only towards pleadings as defined by Rule 7[a], thus motions, affidavits, briefs and other documents outside of the pleadings are not subject to Rule 12[f] " is simply erroneous". While Defenses and objections under Rule 12 and Defendants representations to the Court, that they must be asserted in a responsive pleading if one is required might seem on first glance to support Defendants, it does not, for Rule 12[b] actually further provides,

3

"But a party may assert the following defenses **by motion**...." And thereafter follows the seven [7] defenses including "[3] improper venue". [emphasis added]/

Under Rule 12 either 'pleading or motion' are authorized. By application, Rule 12 embraces both pleadings and motions in the same Rule. Further, Rule 12[f] Motion to Strike, it is provided,

> "[f] The court may strike from a pleading an **insufficient defense** or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> [1] on its own; or
> [2] on motion made by a party either **before responding** to the pleading or , if a response is not allowed, within 21 days after being served with the pleading.". [emphasis added].

Since a defendant who is asserting a Rule 12(b) listed defense will obviously not raise a Rule 12[f] Motion to Strike its own defense, Rule 12[f] is necessarily referring to 'the court may act on its own' or the quoted provision that 'on motion made by a party' has to be referencing the Plaintiff, and in the instant case, Burnett who filed his Rule 12[f] Motion to Strike.

Under Rule 12[h] it is provided that,

> "A party waives any defense listed in Rule 12[b][2]-[5] by ....[B] failing to either:
> [i] make it by motion under this rule, or
> [ii] include it in a responsive pleading or in an amendment..."

[B]  **Defendants while obviously well aware of this scenario, incorrectly press their above stated argument coupled with their statement that,**

> "Even if the use of Rule 12[f] is appropriate as a challenge to ARCCA's motion [sic Motion to Dismiss-Doc. 17] it fails to make the showing required to obtain relief under the rule. **A motion to strike under Federal Rule 12[f] is the appropriate remedy for the elimination of redundant, immaterial, impertinent, or scandalous matter in any pleading**" [Doc. 25, Memorandum in Opposition, @ pg. 2]. [emphasis added].

Defendants, however, have failed to include or address the earlier part of Rule 12[f] quoted above that,

> "The court may strike from a pleading an **insufficient defense**..."
> [emphasis added].

An 'insufficient defense' is here present which Defendants fail to address anywhere in their Opposition Memorandum and which should be stricken.

[C]  Defendants argue that 'III. ARCCA's Motion To Dismiss should be granted' [Doc. 25 @ pg. 11] and the first paragraph thereof presents their argument that concludes "Thus the deadline for Burnett's opposition has passed".

However, Rule 12[4] provides in relevant part,

> "[4] Effect of a Motion. Unless the court sets a different time, serving a motion under this rule alters these periods as follows:
> [A] if the court denies the motion or postpones the disposition until trial, the responsive pleadings must be served within 14 days after notice of the court's action;..."

If the court grants the Plaintiff-Burnett's Rule 12[f] Motion to Strike and/or denies Plaintiff-Burnett's Motion to Strike, then within 14 days, Plaintiff-Burnett's Opposition Memorandum to Defendants' Motion to Dismiss is required to be filed. This is not presently ripe for decision on the merits until after it is timely filed and Defendants have Replied thereto.

Plaintiff-Burnett shows that his Rule 12[f] Motion to Strike is focused upon the failure of Defendants to recognize and satisfy the mandatory requirements articulated and held by the unanimous United States Supreme Court in **Atlantic Marine Construction Co., Inc**. and is thus an 'insufficient defense' that must be stricken. Nor do Defendants address the instant suit nor the Marrogi vs. Howard holdings and applications, for Defendants are silent thereto entirely. [Doc. 21, Rule 12[f] Motion to Strike by Plaintiff-Burnett].

More specifically, Defendants have sought dismissal on their allegation of 'improper venue' in that the 26th JDC, Bossier Parish, La. where the instant legal proceeding was filed and commenced and from which it was removed to this Honorable Court [Doc. 1], based upon not the contents of Plaintiff-Burnett's original Petition and First Amended Petition or the instant removed proceeding, but a purported clause in a retainer engagement agreement referencing PA as the venue under the retainer agreement, but which document is not a part of the Plaintiff-Burnett's original Petition or First Amended Petition nor relied upon by him, and which Defendants included via 170 pages of attachments with two [2] affidavits to Defendants Motion to Dismiss [Doc. 17] whereby Defendants sought dismissal in their Motion to Dismiss [Doc. 17] based thereon and which should be stricken in toto. Justice Alito speaking for a unanimous Supreme Court in Atlantic Marine Construction Co. reversed and remanded the case to the Fifth Circuit

Procedurally while moving to dismiss without prejudice, how do Defendants make their case, but via Rule 12, and of which only Rule 12[b][3] 'improper venue' would procedurally be a vehicle to present same, except that the Supreme Court has held that it is not available. Defendants seek an alternative route and one which is an insufficient defense.

This is not a 'transfer' case under §1404[a] for a change of venue, nor is it a 'wrong or improper venue' case, for venue in Louisiana is proper per Atlantic Marine Constr. Co., and §1391 including that Louisiana [and this district] is 'in which a substantial part of the events or omission giving rise to the claim occurred'; nor is it a Rule 56 Summary Judgment motion, nor was it 'brought' in this federal district court,

but rather it was removed from Louisiana state court under §1441[a] based upon original and diversity jurisdiction.

Defendants move this Honorable Court that "This suit should be dismissed, without prejudice to Burnett to litigate any and all claims arising from or related to the ARCCA agreement and related transactions in the Pennsylvania suit". What of those claims by Plaintiff-Burnett that are not 'related to the ARCCA agreement and related transaction in the Pennsylvania suit"? Specific examples are the professional malpractice claims under LSA-CC Art. 2315 and civil law fraud under Art.1953 as shown by Plaintiff-Burnett's complaints for the events, conduct and action within the State of Louisiana.

One should look to the four corners of the complaint [here Plaintiff-Burnett's original Petition and the First Amended Petition as filed by Plaintiff-Burnett and removed by Defendant [Doc. 1] to ascertain the applicable facts, as articulated and listed in Plaintiff-Burnett's Rule 12(f) Motion to Strike [Doc. 21] that "The Instant case is neither a retainer contract dispute over payments nor a FSC case" and the specific supporting same as to the original Petition and the First Amended Petition. [Doc. 21, @ pgs. 18-21], which are incorporated herein.

Plaintiff-Burnett's Motion is not on the merits, as Defendants position argues. [Doc. 25 @ pg. 11]. It is whether the Rule 12[f] Motion to Strike should be granted.

The clear, convincing fact is simply that in reference thereto, that Plaintiff-Burnett's state court petitions are based upon Louisiana substantive law as set forth in the La. Civil Code, Art. 2315 and Art. 1953 for 'professional malpractice" and civil law fraud, for principally the conduct and actions of Defendants committed in the State of

Louisiana and it is public policy of Louisiana. More specifically, it is purely pled under the doctrine announced under the Marrogi case by both the 5th CA and the La. SCt, which Defendants have failed to address or even mention in their Memorandum in Opposition [Doc. 25]. Plaintiff-Burnett in his Rule 12 (f) Motion To Strike addresses same in the Section styled , "Marrogi is Controlling Authority" [Doc. 21 @ pgs. 21-23], which are adopted herein by reference.

The Plaintiff-Burnett's Rule 12[f], Motion to Strike is based on the contents of Defendants' Motion to Dismiss being and constituting an 'insufficient defense' which should be stricken from the record per Rule 12(f) and the Motion granted. All of Plaintiff-Burnett's assertions in the complaint are accepted as true and resolves any ambiguities in favor of the plaintiff. Am. Gen. Life Ins. Co. vs. Rasche, 273 FRD 391, 396 [S.D. Tex, 2011], quoted in Lonthos PLC @ pg. 4.

Plaintiff-Burnett addresses Atlantic Marine Const. Co. # 12-929, 571 U.S. 7236 (2013) in his Rule 12 (f) Motion To Strike [Doc. 21 @ pg. 4 and the Memorandum in Support @ pgs. 4, 14, 16-17], which is adopted herein.

Defendants in their Notice of Removal [Doc.1] stated and characterized their PA lawsuit against Plaintiff-Burnett, as a suit to collect monies due under a retainer agreement as follows:

> "8.
> The factual basis for this lawsuit is summarized as follows: Plaintiff Gerald Burnett, an attorney retained ARCCA to provide professional expert witness services in a civil suit, pursuant to a written contract....ARCCA filed suit against Burnett in the Court of Common Pleas of Bucks County, Pennsylvania to recover the unpaid balance, including the contractually mandated interest, which totals $176,254.35." [Doc. 1 @ pg. 5].

This is markedly different from Plaintiff-Burnett's Louisiana litigation as referenced herein above, and each should stand on its own merits.

A review of Defendants' Memorandum in Opposition [Doc. 25] will confirm that Defendants never once mention Marrogi nor the holdings and application thereof. This is conspicuous by its very absence.

Easily distinguished from the instant case, are those cases that rely upon the parties contract for their basis, and suit thereon, whether involving a credit card agreement, a financing agreement, a gaming agreement, a cell phone agreement, an insurance agreement, or admiralty/maritime claims, a franchise agreement, marine classification societies, patents/trademarks, etc., in which there is a valid and binding "FSC" for which the parties bargained/negotiated therefor, and which was not the result of overreaching, misrepresentation/fraud, etc. and upon which the suit rests.

1. Mendoza vs. Microsoft, CV No. 5:13-CV-378-DAE, 1 F.Supp.3d 533 [USDC, W.D. Texas, San Antonio Division, 2014] in which the court granted the Motion to Transfer Venue from the W.D. Texas-San Antonio Division to the Western District of Washington. This case involved the X-box LIVE subscription agreements and the services contracts. "Shortly after receipt of Plaintiffs' Complaint, Defendant filed the instant Motion to Dismiss Pursuant to 28 U.S.C.§1406[a] and FRCP 12[b][3] or in the alternative to transfer venue to the Western District of Washington" @ Pg. 540.
   The Defendants filed Notice with the court of the Atlantic Marine Construction Co. case in which the Supreme Court had reversed the Fifth Circuit's enforcement of forum-selection clauses. The court stated,
   "In light of the Atlantic Marine holding, 'Defendant withdraws its dismissal argument under Rule 12[b][3] and 28 U.S.C. §1406[a] and exclusively asks this Court to transfer the case to the Western District Washington under 28 U.S.C. §1406[a]" which it did.
   The Court also stated that "To determine whether the forum-selection clause applies to the type of claims asserted in the lawsuit, courts 'look to the language of the parties' contract to determine which causes of action are governed by the forum selection clause. Marinechance Shipping, Ltd., v. Sebastian, 143 F.3d 216, 222 [5th cir,

1998]. "If the substance of the plaintiff's claims, stripped of their labels, does not fall within the scope of the forum selection clause, the clause cannot apply". Id. The court found the FSC applicable because it 'related to" the contract.

2. Brown vs. Federated Capital Corp., No. H-12-2863, 991 F.Supp 2d 857 [USDC, S.D. Tex, Houston Division, 2014], involves a credit card agreement and a debt collection thereon, where Defendants sought transfer to Utah federal district court based upon a FCS, that it was valid and 'applies', and ordered transfer of venue. " Brown does not address whether the present case falls within the scope of the Forum-Selection clause..."The court finds this case pertains to the Credit Card account and thus falls within the scope of the Forum-Selection clause" and the suit is to collect on unpaid debts accrued in Brown's Credit Card account." ID. @ 862 .

3. In Lonthos PLC vs. Starlight Investments, No h-11-02939, [USDC, S.D. Tex., Houston Div., 2012], the court denied the motion to dismiss in a trademark case. The binding arbitration clause was contained in the Engagement agreement for financial consulting and investment banking services, which provided "....All disputes under this agreement or between the parties, their parents, subsidiaries, affiliates, officers, directors, employees or agents relating to this Agreement including any controversy over the arbitrability of a dispute in the Agreement shall be submitted to mandatory binding arbitration. Id. @ pg. 3.. The court denied the Motion to Dismiss and observed that the Landham Act claims are 'in no manner depend upon or seek benefits under the ...Agreement." Id. @ pg. 11.

3.
## CONCLUSION

For the reasons stated herein, Plaintiff-Burnett's Rule 12(f) Motion To Strike should be granted by this Honorable Court.

Respectfully submitted,

*s/B. Trey Morris*

By: _____
B. Trey Morris, APLC (#28162) – TA
Simmons, Morris & Carroll, LLC
509 Milam Street
Shreveport, LA 71101
(318) 221-1507 –Telephone
(318) 221-4560 –Fax
btmorris@shreveportlaw.net –Email
Attorney for Plaintiff-BURNETT

STATE OF LOUISIANA
PARISH OF CADDO

### AFFIDAVIT OF VERIFICATION AND CORRECTNESS

BEFORE ME, the undersigned Notary Public, duly sworn and to me well known, came and appeared Gerald L. Burnett, a person of full age and majority, who did depose and state that he is the Plaintiff in the above styled and captioned matter, that he has read and reviewed this pleading and, that the contents hereof are true and correct to the best of his information, knowledge and belief.

GERALD L. BURNETT

Thus done and signed before me, Notary Public, on this the 2nd day of September 2015.

Notary Public: _____
Notary Number:
Seal:

Meagan E. Shadinger
State of Louisiana
My Commission is for Life
Notary Public # 139804

### CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of September 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to All Counsel of Record.

s/B. Trey Morris

B. Trey Morris

11