**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

GERALD L. BURNETT

VERSUS

ARCCA INCORPORATED,
MICHAEL L. MARKUSHEWSKI,
and DR. BRIAN J. BENDA

CIVIL ACTION NO. 15-1214

JUDGE ELIZABETH ERNY FOOTE

MAGISTRATE JUDGE MARK HORNSBY

## MEMORANDUM ORDER

This order addresses Plaintiff Gerald L. Burnett's "Federal Rule of Civil Procedure 72 Objection to Denial of Motion To Remand And/Or Alternatively Local Rule 74.1 Appeal of Denial to Remand" and Burnett's "Motion To Strike Defendants' Rule 12[b][3] Motion To Dismiss For Improper Venue." Defendants in this matter are ARCCA Incorporated, Michael L. Markusewski, and Dr. Brian J. Benda (collectively "Defendants"). Burnett's Rule 72 Objection requests the Court overturn as "clearly erroneous and/or contrary to law" Magistrate Judge Hornsby's denial of Burnett's Motion To Remand. [Record Document 19]. Also pending is Defendants' Motion To Dismiss that asks the Court to dismiss Burnett's suit for *forum non conveniens* on the grounds that an applicable forum selection clause permits the suit to be brought only in Pennsylvania state court. [Record Document 17]. The Motion To Strike filed by Burnett seeks to strike Defendants' Motion To Dismiss and its accompanying exhibits. [Record Document 21].

For the reasons below, Judge Hornsby's denial of Burnett's Motion To Remand is **AFFIRMED** and Burnett's Motion To Strike is **DENIED**. Defendants' Motion To Dismiss will be addressed by the Court after Burnett is permitted additional time to respond in opposition.

## Factual and Procedural Background

Burnett hired ARCCA and two of ARCCA's experts, Michael L. Markusewski and Dr. Brian J. Benda, to testify in a products liability suit then pending in a Louisiana state court. Record Document 1-2. Burnett and ARCCA executed a contract under which ARCCA and its experts were to provide expert services before and during trial. Record Document 1-2, p. 6; Record Document 17, p. 2. After Burnett's clients lost at trial, he filed this action in state court against ARCCA and its experts, asserting negligence and fraud in connection with the expert services rendered. Record Document 1-2, p. 14.

Pursuant to 28 U.S.C. § 1441(b), Defendants removed the case to federal court based upon diversity jurisdiction under 28 U.S.C. § 1332. Record Document 1, p. 2. Burnett filed a Motion To Remand on two grounds: (1) that Defendants did not comply with the rule regarding unanimity and (2) that Defendants did not meet their burden to show that the amount in controversy exceeded $75,000. Record Document 7, p. 4. Magistrate Judge Hornsby rejected Burnett's arguments. Record Document 16. Judge Hornsby's ruling held that Defendants had complied with 28 U.S.C. § 1446's unanimity requirement when removing their suit by having the attorney representing Defendants sign the Notice of Removal. Id. at pp. 3–4. Magistrate Judge Hornsby also held that

Defendants had met their burden of showing that the amount in controversy exceeded $75,000.  Id. at pp. 7–8.  Burnett filed the present objection to Magistrate Judge Hornsby's ruling only on the grounds that the holding as to unanimity was clearly erroneous and/or contrary to law.  Record Document 19, pp. 1–2.  Defendants opposed Burnett's objection and Burnett replied.  Record Documents 23 and 24.

Burnett's Motion To Strike asks the Court to strike Defendants' Motion To Dismiss, in which they claim that a contract between Burnett and ARCCA governs the present dispute and requires the dispute to be litigated in Pennsylvania state court. Record Document 17, pp. 1–4.  Burnett did not respond directly to Defendants' motion,[1] but instead filed a Motion To Strike on the grounds that Defendants' Motion To Dismiss was improper under Federal Rule of Civil Procedure 12(b)(3).  Record Document 21, pp. 1–2.  Defendants responded by pointing out that their motion was brought on the grounds of *forum non conveniens*, not under Rule 12(b)(3).  Record Document 25, pp. 7–9.  Additionally, Defendants state that Burnett's Motion To Strike was not a suitable vehicle to defeat their motion.  Record Document 25, pp. 2–4.  Burnett replied, reasserting his prior arguments.  Record Document 26.

---

[1] Burnett attempts to "reserve his right to respond as may be appropriate to the Defendants' Motion to Dismiss . . . once the instant Rule 12[f] Motion to Strike has been decided." Record Document 21, p. 5 (internal record citations omitted).

## Law and Analysis

I.   The Rule of Unanimity

Burnett claims that the Notice of Removal in this case was procedurally defective and concludes that Magistrate Judge Hornsby's holding that the signature of the attorney representing all defendants is sufficient to remove the case to federal court is clearly erroneous or contrary to law.  Record Documents 19 and 24.  Burnett concludes that 28 U.S.C. § 1446(b)(2)(A) and Local Rule 11.1(B)(5) require each defendant to personally sign the notice of removal.  Record Document 19, pp. 4–5.  Id.  The argument is unavailing.

a.   28 U.S.C.  § 1446(b)(2)(A)

The rule of unanimity states that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).  The requirement applies when a civil action is removed solely on the basis of 28 U.S.C. § 1441(a), which allows for a civil action brought in state court to be removed to federal district court if the district court has original jurisdiction.  The Fifth Circuit has long recognized the rule of unanimity, even before the rule's codification in 2011.  See Powers v. United States, 783 F.3d 570, 576 (5th Cir. 2015); see also Getty Oil Corp. v. Ins. Co. of N. America, 841 F.3d 1254, 1262 (5th Cir. 1988); Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758, 760.  However, at no point has the Fifth Circuit required parties to satisfy the unanimous consent requirement through the formalities suggested by Burnett.

The Fifth Circuit has not interpreted the rule of unanimity to require each defendant to personally sign the notice of removal. Getty Oil, 841 F.2d at 1262 n.11.[2] On the contrary, an attorney authorized to represent multiple defendants may sign a notice of removal on the clients' behalf, thus binding those defendants to the removal. See, e.g., Norman v. Global Life and Accident Ins. Co., 2008 WL 8204385, *1 (S.D. Tex. 2008) ("Where an attorney is authorized to represent all defendants, each defendant need not separately sign the notice of removal."); Nixon v. Wheatley, 368 F. Supp. 2d 635, 639 (E.D. Tex. 2005) ("The [Fifth Circuit] has held that there must be a timely filed, written indication from each served defendant, or from some person purporting to act formally on his behalf and with the authority to do so, that he has actually consented to removal.").

It is clear that Defendants satisfied the strictures of 28 U.S.C. § 1446(b)(2)(A). The Notice of Removal in the present suit was signed by Mr. Armand in his capacity as the attorney for each of the three Defendants. Record Document 1, p. 4. Because the attorney representing all Defendants signed the Notice of Removal in his capacity as their representative, the unanimity rule under 28 U.S.C. § 1446(b)(2)(A) was clearly satisfied.

---

[2] Unanimous consent to removal "does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant." Id.

b.      Local Rule 11.1(B)(5)

Burnett's argument that Local Rule 11.1(B)(5) demands additional formalities to those of 28 U.S.C. § 1446(b)(2)(A) fails to comport with the plain meaning of the Local Rule.  Rule 11.1(B)(5) requires that each signatory to a pleading or motion presented to the Court certify that he or she has personally read and approved the document.[3]  The limit of the Rule's application is evident from its straightforward construction.  The Rule requires that <u>signatories</u> to the filing personally read and approve the filing, not the parties the signatory represents.

In the Notice of Removal, the attorney for Defendants, Mr. Armand, consented on Defendants' behalf to the removal of the suit to federal court.  By signing the Notice of Removal, Defendants' attorney certified to the Court that he had read and approved its contents on behalf of each of the Defendants represented by him.  No Local Rule or federal statute requires represented parties to sign, in addition to their attorney, the Notice of Removal or any other document evidencing consent to the removal.[4]  It is readily apparent that Defendants have met the consent and form requirements

---

[3] Local Civil Rule 11.1(B)(5):
In any action, civil or criminal, by presenting to the court (whether by signing, filing, submitting, or advocating) a pleading, oral or written motion, or other paper, an attorney or unrepresented party is certifying to the best of that person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances . . .
> (5) all pleadings and written motions have been personally read and approved by all persons whose signature appears on the document.

[4] Neither Federal Rule of Civil Procedure 11 nor Local Civil Rule 11.1 require that a notice of removal signed by an attorney on behalf of all of the defendants be accompanied by a separate document evidencing the consent of the represented parties.

necessary under 28 U.S.C. § 1446(b)(2)(A) and Local Rule 11.1 to execute a proper Notice of Removal.

II.   The Motion To Strike

Burnett posits that a Rule 12(f) motion to strike may be used to strike a motion to dismiss. Record Documents 21 and 26. Burnett filed his Rule 12(f) Motion To Strike Defendants' Motion To Dismiss and its accompanying attachments on the following grounds: (1) the forum selection clause Defendants rely upon is not applicable to the present dispute and (2) a motion to dismiss is not the proper means by which to enforce even an applicable forum selection clause. Record Document 21. Burnett's Motion To Strike must be denied, as Defendants' Motion To Dismiss is not a pleading under Federal Rules of Civil Procedure 12(f) and 7(a).

Defendants' filed their Motion To Dismiss, and Burnett responded with the present Motion To Strike. A court may on its own motion, or on motion made by a party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed R. Civ. P. 12(f) (emphasis added). Rule 7(a) defines what a pleading is for the purposes of the Federal Rules of Civil Procedure through the following exhaustive list:

> (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.

In contrast to pleadings, a motion is defined in Rule 7(b) as "a request for a court order." Motions to strike under Rule 12(f) are not authorized to be filed against other motions, only pleadings.

Defendants' Motion To Dismiss does not fit within Rule 7(a)'s exhaustive list of pleadings. Instead, it is a request under Rule 7(b) for a court order. Accordingly, this Court may not use Burnett's Rule 12(f) Motion To Strike to strike Defendants' Motion To Dismiss. Similar conclusions have been consistently reached by other federal courts. See, e.g., Fox v. Mich. State. Police Dep't, 173 F. App'x 372, 375 (6th Cir. 2006); Marcussen v. Sebelius, 2013 WL 536491, *3 (D. Ariz. Feb. 12, 2013); Brown v. F.B.I., 793 F. Supp. 2d 368, 382–83 (D.D.C. 2011). Burnett's Motion To Strike must be denied.

### Conclusion

For the foregoing reasons, Magistrate Judge Hornsby's denial of Burnett's Motion To Remand [Record Document 16] is **AFFIRMED** and Burnett's Motion To Strike [Record Document 21] is **DENIED**. Burnett is **ORDERED** to file any opposition to Defendants' Motion To Dismiss by **Thursday, March 3, 2016**. Defendants may file a reply within 7 days thereafter.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 25th day of February, 2016 .

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE