**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

GERALD L. BURNETT                          CIVIL ACTION NO. 15-1214

VERSUS                                     JUDGE ELIZABETH ERNY FOOTE

ARCCA INCORPORATED,                        MAGISTRATE JUDGE MARK HORNSBY
MICHAEL L. MARKUSEWSKI,
and DR. BRIAN J. BENDA

## <u>MEMORANDUM RULING</u>

Plaintiff Gerald L. Burnett ("Burnett") filed this suit against Defendants ARCCA Incorporated, Michael L. Markusewski, and Dr. Brian J. Benda (collectively "Defendants") originally in state court seeking damages for professional malpractice, civil fraud and misrepresentation in connection with forensic expert services Defendants rendered to Burnett, an attorney.  Record Document 1-2, p. 14.  Now pending before the Court is Defendants' Motion To Dismiss, asking the Court to dismiss Burnett's suit on the grounds that a contractual forum selection clause requires the instant suit to be brought only in Pennsylvania state court.  Record Document 17.  For the reasons below, Defendants' Motion To Dismiss is **GRANTED**, and Burnett's suit is **DISMISSED WITHOUT PREJUDICE**.

## I.    Factual and Procedural Background

Burnett, a citizen of Louisiana, hired ARCCA Incorporated ("ARCCA") and two of ARCCA's experts, Michael L. Markusewski and Dr. Brian J. Benda, all Pennsylvania

citizens, to testify in a products liability suit then pending in a Louisiana state court. Record Documents 1 and 1-2.  Burnett and ARCCA executed a contract under which ARCCA and its experts were to provide expert services before and during trial.  Record Documents 1-2, p. 6 and 17, p. 2.  After Burnett's clients lost at trial, he filed this action in Louisiana state court against ARCCA and its experts, asserting professional malpractice, civil fraud and misrepresentation in connection with the expert services rendered.  Record Document 1-2, p. 14.

Pursuant to 28 U.S.C. § 1441(b), Defendants removed the case to federal court based upon diversity jurisdiction under 28 U.S.C. § 1332.  Record Document 1, p. 2. Defendants filed this Motion To Dismiss, asking the Court to dismiss Burnett's suit on the grounds that a contractual forum selection clause requires the instant suit to be brought only in Pennsylvania state court.  Record Document 17.  The allegedly applicable forum selection clause states, "[t]he parties agree that any dispute, controversy or claim arising under or in connection with this Contract shall be decided exclusively by and in the Court of Common Pleas of Bucks County, Pennsylvania." Record Document 30-4, p. 23.  The clause goes on to state that each party submits to the personal jurisdiction of that court and waives any right to assert or move for a transfer to any other court based upon the doctrine of *forum non conveniens* or otherwise.  Id.

Burnett filed a Motion To Strike, asking the Court to strike Defendants' Motion To Dismiss on the grounds that Defendants' Motion To Dismiss was improper under

Federal Rule of Civil Procedure 12(b)(3).  Record Document 21, pp. 1–2.  Defendants responded by pointing out that their motion was brought on the grounds of *forum non conveniens*, not under Rule 12(b)(3).  Record Document 25, pp. 7–9.  The Court denied Burnett's Motion To Strike on the grounds that it was not a suitable vehicle to defeat Defendants' motion.  Record Document 27.  The Court granted Burnett additional time to respond in opposition to Defendants' motion.  Id.  Burnett has responded and Defendants have replied.  Record Documents 30 and 33.  Defendants' motion is now ripe.

## II.    Law and Analysis

Defendants seek dismissal of this suit without prejudice on the grounds that the written contract  between ARCCA and Burnett which contains a forum selection clause is enforceable between the parties and requires Burnett's suit to be brought only in a Pennsylvania state court.  Record Documents 17, p. 2 and 17-1, pp. 24–26.  Burnett's series of objections to Defendants' motion distill to the following: (1) the forum selection clause is irrelevant because the contract between the parties did not include the clause; (2) the underlying cause of action is not covered by the forum selection clause; and (3)  the forum selection clause is not mandatory and thus not a grounds for dismissal of Burnett's suit.  Burnett's arguments lack merit. The forum selection clause at issue is relevant, mandatory, applicable, and enforceable.

A.    Issues

The first question for the Court is whether the forum selection clause at issue in the present case constitutes a part of the contract between the parties and is therefore relevant.  If the forum selection clause is indeed part of the contract entered into by Burnett and ARCCA and therefore relevant, the Court's second inquiry must be whether the clause is mandatory or permissive.  See Weber v. PACT XPP Tech., AG, 811 F.3d 758, 766–67 (5th Cir. 2016).  If the forum selection clause is relevant and mandatory, the third question the Court must answer is whether the forum selection clause applies to the instant causes of action.  If the forum selection clause is relevant, mandatory, and applicable to the instant causes of action, the fourth question the Court must answer is whether the forum selection clause is enforceable.  If a relevant, mandatory, applicable, and enforceable forum selection clause points to a state or foreign forum, the doctrine of *forum non conveniens* applies to determine if the suit should be dismissed.  Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for Western Dist. Of Tex., 134 S. Ct. 568, 580 (2013).  Finally, if the clause is relevant, mandatory, applicable, and enforceable, and the selection clause points to a state or foreign forum, the Court must determine if the public-interest factors outlined below necessitate that the Court not dismiss the case on the basis of *forum non conveniens*. If the public-interest factors do not defeat the forum selection clause's application, then the suit will be dismissed.

B.      The Validity of the Forum Selection Clause

Burnett seeks to undermine the forum selection clause by asserting that the forum selection clause was not part of the contract.  Record Document 30-2, pp. 7, 9. It stands to reason that a forum selection clause to which Burnett did not consent to be bound cannot be applied in the present case to dismiss his suit.  However, this issue generates a prefatory question. Specifically, which state's law should be applied to determine if the contract included the forum selection clause?

When a case is before a federal court on diversity of citizenship subject matter jurisdiction, the law of the forum state governs the choice-of-law analysis.  See Cain v. Altec Indus., Inc., 236 F. App'x 965, 967 (5th Cir. 2007).  Thus, Louisiana choice-of-law rules govern the instant case.  The contract at issue has a choice-of-law clause which selects Pennsylvania law as applicable.  Record Document 30-4, p. 23.  Choice-of-law clauses are permitted under Louisiana choice-of-law rules.  THH Props. Ltd. P'ship v. Hill, 41,038, *5–6 (La. App. 2 Cir. 6/2/06); 930 So. 2d 1214, 1218 (citing La. Civ. Code arts. 3537 and 3540).  However, when a preliminary issue arises, such as whether the choice-of-law clause itself is a valid part of a contract, the question "is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue."  La. Civ. Code arts. 3537, 3540.

The Court need not make a decision as to which law to apply when determining whether the forum selection clause is part of the contract because the Court would reach the same conclusion under either Louisiana's or Pennsylvania's law.  Under both,

the Court first looks to the specific language of the contract itself to determine the

parties' intent. And under both, Burnett's own admissions and evidence establish that

the forum selection clause is contained in the contract signed by both ARCCA and

Burnett.

The validity of the letter agreement between Burnett and ARCCA is not

challenged by either party.  Instead, Burnett challenges the extent to which

attachments referenced in the letter agreement and attached thereto constitute part of

the contract.  The letter agreement states that "[t]his agreement is subject to ARCCA's

Standard Rate Schedule, Terms and Conditions, and Invoicing Policy (attached), all of

which are hereby made a part of this agreement."  Record Document 30-4, p. 30.  The

"Terms and Conditions" attachment contains the disputed forum selection clause.

Record Document 30-4, pp. 14–15, 23.  ARCCA seeks to apply that forum selection

clause to the instant suit.  Record Document 17-2.  While Burnett admits in this briefing

and in an affidavit that those documents referenced in the letter agreement were

attached to the letter agreement he agreed to and signed, Record Documents 30-2, p.

10; 30-4, pp. 14–15, Burnett states that the attachments to the letter agreement, which

contain the disputed clause, were not part of the contract.  Record Document 30-2, p.

9.  The issue, therefore, is simply an inquiry into the common intent of the parties in

offering and accepting the contract.

Louisiana law provides that "[i]nterpretation of a contract is the determination of

the common intent of the parties."  La. Civ. Code art. 2045.  However, "[w]hen the

words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code art. 2046.

Pennsylvania law provides that "in interpreting any contractual provision a court should show particular deference to the 'strongest external sign' of the parties' intentions-the words of their contract." Philadelphia Elec. Co. v. Nat'l R.R. Passenger Corp., 1986 WL 6216, *2 (E.D. Pa. May 30, 1986) (quoting Mellon Bank v. Aetna Bus. Credit, Inc., 619 F.2d 1001 (3d Cir. 1980)). "If . . . the words of the contract are clear, then the meaning must be determined by them and them alone, without reference to extrinsic circumstances." Id. "A contract is not ambiguous if the court can determine its meaning without any guide other than a knowledge of the simple facts on which, from the nature of the language in general, its meaning depends. . . ." Krizovensky v. Krizovensky, 625 A.2d 638, 642 (Pa. 1995) (quoting Z & L Lumber Co. of Atlasburg v. Nordquist, 502 A.2d 697, 700 (Pa. 1985)).

The copies of the contract provided to the Court by both parties show that Burnett executed the letter agreement offered by ARCCA on April 13, 2010.  Record Documents 17-2, p. 4; 30-4, p. 16; 30-2, p. 7; 1-2, p. 6.  The copy of the letter agreement provided by Burnett states that "[t]his agreement is subject to ARCCA's Standard Rate Schedule, Terms and Conditions, and Invoicing Policy (attached), all of which are hereby made a part of this agreement."  Record Document 30-4, p. 30.  The evidence submitted by Burnett himself shows that those attachments contained a

clause entitled "Exclusive Jurisdiction and Venue; Effect of Compulsory Arbitration; Waiver of Jury Trial," which contains the disputed forum selection clause.  Record Documents 30-4; 17-2.  As noted above, Burnett concedes that these documents were attached to the document he signed.  Record Documents 30-2, p. 10; 30-4, pp. 14–15. Additionally, Burnett's own complaint seeks to enforce the "Terms and Conditions" attachment to the contract, pursuing an advantage through the application of the attachment's termination provision.  Record Document 1-2, p. 6.

Burnett has cited no law which would undermine the validity of his contract with ARCCA or the forum selection clause adopted therein.  The language of the letter agreement is unambiguous: it adopts the "Terms and Conditions" attachment, which includes the forum selection clause, as part of the contract.  Both parties adopted that letter agreement and thus the forum selection clause.  Burnett cannot now cherry pick the provisions of the contract which help his purposes the most and then discard the rest.  Accordingly, the forum selection clause is included in the contract adopted by Burnett and ARCCA and therefore relevant.

C.    The Type of Forum Selection Clause

Burnett alleges that the forum selection clause is not "mandatory," but is "permissive," preventing the Court from dismissing the suit.  Record Document 30-2, pp. 12–15.  Burnett is correct that only a mandatory forum selection clause justifies dismissal.  Weber, 811 F.3d at 768.  Here again, the Court need not determine the law to be used to interpret whether the clause is mandatory or permissive because the

choice of federal, Pennsylvania, or Louisiana law makes no difference to the outcome. The plain language of the forum selection clause at issue establishes that it is mandatory.

A mandatory forum selection clause "requires that litigation arising from the contract be carried out in a given forum." Id. "By contrast, a permissive [forum selection clause] is only a contractual waiver of personal-jurisdiction and venue objections if litigation is commenced in the specified forum." Id. Mandatory forum selection clauses alone may justify the dismissal Defendants seek. Id.

As detailed in the previous section, as long as the language used by the parties in the forum selection clause is unambiguous, the Court should give effect to that language and make no further inquiry in the intent of the parties. The applicable forum selection clause states in part "that any dispute, controversy or claim arising under or in connection with this Contract *shall be decided exclusively* by and in the Court of Common Pleas of Bucks County, Pennsylvania." Record Document 30-4, p. 23 (emphasis added). The use of the terms "shall" and "exclusively" clearly demonstrates the intention that any litigation covered by the clause be held only in the referenced Pennsylvania court. See ARK Builders Corp. v. Minersville Area Sch. Dist., 2015 WL 6121758, *3 (M.D. Pa. Oct. 15, 2015) ("The use of the words 'exclusive jurisdiction,' 'all,' 'any,' and 'shall' make clear that the clauses . . ." were mandatory); see also Wall St. Aubrey Golf, LLC v. Aubrey, 189 F. App'x. 82, 85–87 (3d. Cir. 2006) (enforcing a

forum selection clause as mandatory under Pennsylvania law because the plain language of the contract was unambiguous).

The forum selection clause in the contract between Burnett and ARCCA is clear and unambiguous in its expression that the Court of Common Pleas of Bucks County, Pennsylvania will be the exclusive forum in which applicable suits can be brought. Accordingly, the forum selection clause presently at issue is mandatory.

D.    The Applicability of the Forum Selection Clause

Burnett's instant suit alleges professional malpractice, civil fraud and misrepresentation by Defendants in connection with the expert services they rendered in Burnett's Louisiana products liability suit. Record Documents 1-2, pp. 6, 14–15 and 30-2, p. 5. Burnett argues the forum selection clause at issue is not applicable to the instant litigation because his suit does not arise under or in connection with the contract. Record Document 30-2, pp. 5–6.

The determination of the scope of a forum selection clause's application is a matter of contract interpretation. See Marino v. Cross Country Bank, 2007 WL 1946533, *5 (E.D. Pa. June 29, 2007) (unpublished); Harley v. Bank of New York Mellon, 2015 WL 6956564, *2–3 (M.D. Pa. Nov. 10, 2015). The Fifth Circuit applies federal law to the question of scope. See Braspetro Oil Servs. Co. v. Modec (USA), Inc., 240 F. App'x. 612, 616–17 (5th Cir. 2007). The Fifth Circuit has "foreswor[n] any slavish adherence to a contract/tort distinction" in determining whether a litigant could avoid a forum selection clause with "'artful pleading.'" Ginter ex rel. Ballard v. Belcher,

Prendergast & Laporte, 536 F.3d 439, 444 (5th Cir. 2008) (quoting Marinechance

Shipping, Ltd. v. Sebastian, 143 F.3d 216, 222 n.27 (5th Cir. 1997)).  Rather, the Fifth

Circuit has looked to common sense to determine if the clause was broad enough to

cover torts.  Id.

 As stated above, Burnett's claims are that Defendants committed professional

malpractice, civil fraud and misrepresentation in connection with the services they

performed under their contract with Burnett.  Record Documents 1-2, pp. 6, 14–15 and

30-2, p. 5.  The forum selection clause in Burnett's contract with ARCCA is applicable

under its own terms to "any dispute, controversy or claim arising under or in connection

with this Contract . . ."  Record Document 30-4, p. 23.  The phrase "arising in

connection with" in forum selection clauses is interpreted to reach "every dispute

between the parties having a significant relationship to the contract and all disputes

having their origin or genesis in the contract."  Wellogix, Inc. v. SAP Am., Inc., 58 F.

Supp. 3d 766, 778 (S.D. Tex. 2014).

 The Fifth Circuit has rejected parties' attempts to avoid forum selection clauses

by arguing that their tort claims were not covered by the clauses.  Ginter, 536 F.3d at

444–45; Marinechance, 143 F.3d at 222–23.  In Ginter, the litigants claimed that their

attorney had committed negligent and intentional torts against them while the attorney

represented them in adoption proceedings.  536 F.3d at 440.  The Fifth Circuit

concluded that the claims arose out of the contract between the clients/plaintiffs and

the law firm/defendant.  Id. at 445.  "Though their causes of action sound in tort, the

[plaintiffs] are complaining about the failure of [the defendant] to fulfill his contractual obligations."  Id.  Burnett's claims, like those in Ginter, cannot hide behind their "tort" labeling in order to avoid application of the contract's forum selection clause when those claims arose out of the contract between Burnett and ARCCA.

The Court concludes that the contract's broad language used to define the scope of the forum selection clause, "any dispute, controversy or claim arising under or in connection with this Contract," includes Burnett's claims, which all arise out of the Defendants' performance of services provided for in the contract.  Record Document 30-4, p. 23; see Marinechance, 143 F.3d at 222–23.  Accordingly, the Court holds that Burnett's claims are encompassed within the scope of the contract's forum selection clause.

E.    The Enforceability of the Forum Selection Clause

The enforceability of forum selection clauses is a question of federal law in both diversity and federal question cases.  See, e.g., All. Health Grp., LLC v. Bridging Health Options, LLC, 553 F.3d 397, 399 (5th Cir. 2008).  Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."  M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972).  Such a clause may be "unreasonable" if:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the

plaintiff of a remedy; or (4) enforcement of the forum selection clause
would contravene a strong public policy of the forum state.

Haynsworth v. The Corp., 121 F.3d 956, 963 (5th Cir. 1997).  Burnett's choice of forum

for the instant litigation "merits no weight"; instead he has the burden of establishing

that *forum non conveniens* dismissal is unwarranted.  Atl. Marine, 134 S. Ct. at 581–82.

Burnett has a "heavy burden of proof" in attempting to show that the clause was

unreasonable.  M/S Bremen, 407 U.S. at 17.

Burnett has not presented any argument that supports a finding that application

of the forum selection clause is unreasonable under the circumstances.  There is no

evidence that the forum selection clause was incorporated into the parties' contract

through fraud or overreaching, that Burnett will be practically deprived of his "day in

court" because of the grave inconvenience or unfairness of the selected forum, that

Burnett will be deprived of a remedy because of some fundamental unfairness of the

chosen law, or that enforcement of the forum selection clause would contravene a

strong public policy of Louisiana.  See Haynsworth, 121 F.3d at 963.  The Court finds

that Burnett has failed to establish that application of the forum selection clause at

issue is unreasonable under the circumstances.  Accordingly, the forum selection clause

is enforceable.

F.      The Public-Interest Factors

A *forum non conveniens*  issue is resolved typically by considering both the

convenience of the parties and the interests of the public in the present forum and in

the alternative forum.  Atl. Marine, 134 S. Ct. at 581.  However, if a valid, mandatory

forum selection clause is present, the calculus used to evaluate motions for dismissal for *forum non conveniens* shifts in two ways relevant to the instant motion.  Id. at 580–81.  First, the plaintiff's choice of forum merits no weight.  Id.  Second, the court "should not consider arguments about the parties' private interests."  Id. at 582.  Rather, a district court should consider the public's interest only.  Id.

The public's interest in the litigation being held in a particular forum is evaluated using the following factors: (i) administrative difficulties which may be caused by court congestion in either alternative forum; (ii) the local interest of the communities in either forum in having localized controversies resolved at home; (iii) "the interest in having the trial of a diversity case in a forum that is familiar with the law that must govern the action;" (iv) "the avoidance of unnecessary problems in conflicts of law, or in application of foreign law;" and (v) the unfairness associated with burdening citizens of either forum with jury duty for a suit unrelated to the forum.  DTEX, LLC v. BBVA Bancomer, S.A., 508 F.3d 785, 794 (5th Cir. 2007).

While courts should evaluate these public-interest factors before dismissing a case for *forum non conveniens*, a valid and enforceable forum selection clause should be "given controlling weight in all but the most exceptional cases."  Atl. Marine, 134 S. Ct. at 581.  Because the public-interest factors will rarely defeat a transfer or *forum non conveniens* motion, "the practical result is that forum-selection clauses should control except in unusual cases."  Id. at 582.  The Fifth Circuit states that the Supreme Court in Atlantic Marine "suggests quite a high burden of persuasion on the party seeking to

avoid enforcement of the [forum selection clause]." <u>Weber</u>, 811 F.3d at 776.  Thus, the Court will not apply the forum selection clause only if Burnett shows that the public-interest factors weigh heavily in favor of this federal court being the ideal forum, as opposed to the Court of Common Pleas of Bucks County, Pennsylvania.

Burnett has not presented an argument that any of these factors weigh against the application of the forum selection clause.  Additionally, the Court has examined the public-interest factors and finds that they do not weigh against application of the instant forum selection clause.

As to the first public-interest factor, there is no evidence that "administrative difficulties flowing from court congestion" are a consideration in this case.  <u>DTEX</u>, 508 F.3d at 794.  Regarding the second, "the local interest in having localized controversies resolved at home," the Court finds that, as the parties hail from both Louisiana and Pennsylvania, both states have a connection to the instant litigation and the interests involved are not entirely localized in either Louisiana or Pennsylvania.  <u>Id.</u>  The fifth factor also does not support Burnett's position because Pennsylvania is not an unrelated forum.

The third and fourth factors relate to the familiarity of the chosen forum with the law that will govern the case and the interest in avoiding unnecessary problems of conflicts of laws or in the application of foreign law.  Burnett has not identified for the Court any problems of conflicts of law or in the application of foreign law.  Neither is the Court aware of any such problems.

Overall, Burnett "has not demonstrated that application of the public-interest factors overwhelmingly disfavor[s] [dismissal of this case for *forum non conveniens*] as required to override the otherwise presumptive effect of the [contract's] forum selection clause." U.S. ex rel. Twin City Elec. LLC v. Sauer Inc., 2015 WL 5794139, *4 (W.D. La. 2015). Burnett's objections to the valid, mandatory, applicable, enforceable forum selection clause contained within his contract with ARCCA are unavailing, and the clause necessitates dismissal for *forum non conveniens*.

## III.   Application of the Forum Selection Clause

The forum selection clause at issue requires this suit to be brought only in "the Court of Common Pleas of Bucks County, Pennsylvania." Record Document 30-4, p. 23. In a case where an enforceable and mandatory forum selection clause directs litigation to a court within the federal court system, the forum selection clause is enforced by operation of 28 U.S.C. § 1404 and the suit is transferred to the appropriate federal venue. Atl. Marine, 134 S. Ct. at 579. However, when an enforceable and mandatory forum selection clause points to a state or foreign forum, the Supreme Court has clearly stated that the clause is enforced by dismissal under "the residual doctrine of *forum non conveniens* . . . ." Id. at 580. Accordingly, Burnett's suit is dismissed without prejudice for *forum non conveniens*.

## IV.   Conclusion

For the foregoing reasons, Defendants' Motion To Dismiss [Record Document 17] is **GRANTED**.

**IT IS ORDERED** that this matter be and is hereby **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to close this case. A Judgment consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 31st day of March, 2016.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE